## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

IN RE SUPERIOR OFFSHORE §
INTERNATIONAL, INC. §  CIVIL ACTION NO. H-08-0687
SECURITIES LITIGATION §

### MEMORANDUM AND ORDER

This is a consolidated  action brought under the Securities Exchange Act of 1934  by investors who purchased publicly traded securities in connection with the April 20, 2007 Initial Public Offering ("IPO") of Superior Offshore International, Inc. ("Superior").  The case is now before the Court on the Motion for Appointment as Lead Counsel filed by Charles Ognar [Doc. # 35].  It appearing that Ognar is the only remaining movant for appointment as lead plaintiff, and it further appearing that Ognar qualifies for appointment, the Court **appoints** Charles Ognar as lead plaintiff in this case and **appoints** the law firm of Kahn Gauthier Swick, LLC as lead counsel and the Sadin Law Firm P.C. as liaison counsel.

### I.      BACKGROUND

Superior was a provider of subsea construction and commercial diving services to the crude oil and natural gas industries.  Superior engaged in an IPO in April 2007. The public offering price for Superior stock was $15.00 per share.  Plaintiffs allege

that, in connection with the IPO, Superior failed to reveal that is core business was not performing well, that its core market in the Gulf of Mexico was declining, and that it needed to enter into new, untested markets.  Plaintiffs allege that Superior failed to reveal the true nature of its business and its problems until August 14, 2007, after the close of trading and after company insiders liquidated over $49 million of personally held shares.

Plaintiffs allege that Superior's stock price again declined precipitously in November 2007, when Superior disclosed that it was operating below revised forecasts and that its core business was worse than previously disclosed.  Plaintiffs allege that, after the November 2007 disclosures, the stock price fell to approximately $3.50 per share.

Several Plaintiffs filed separate securities fraud lawsuits in Texas and in Louisiana.  The various lawsuits have now been consolidated into this case.  Plaintiffs who wanted to be appointed lead plaintiff for the litigation filed timely Motions for Appointment as Lead Counsel.  Four of the motions were later withdrawn and two were previously denied.  The remaining motion by Ognar has been fully briefed and is ripe for decision.

## II.   __THE PSLRA__

Under the PSLRA, any prospective class member may file a motion to serve as lead plaintiff for the class.   *See* 15 U.S.C. § 77z-1(a)(3)(A).   The Court is then required to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members . . .."   *See* § 15 U.S.C. § 77z-1(a)(3)(B).

The Court's selection of a lead plaintiff is guided by a rebuttable presumption that the party that responded to the initial notice, has the largest financial interest in the case, and meets the requirements of Federal Rule of Civil Procedure 23 is the "the most adequate plaintiff."   *See* § 77z-1(a)(3)(B)(iii).   Where a plaintiff bases his claim to have the largest financial loss on the aggregate loss of several investors, the group must have "a pre-litigation relationship based on more than the losing investments at issue in the securities fraud class action."   *In re Enron Corp. Sec. Litig.*, 206 F.R.D. 427, 442 (S.D. Tex. 2002) (citing *In re Waste Mgmt., Inc. Sec. Litig.*, 128 F. Supp. 2d 401, 412-13 (S.D. Tex. 2000)).   The qualify as lead plaintiff, an investor's losses should include the aggregate losses of no more than "three to five persons."   *See id.* (citing *In re Baan Co. Sec. Litig.*, 186 F.R.D. 214, 224 (D.D.C. 1999)).

The presumption in favor of the plaintiff with the largest financial interest in the litigation may be rebutted with evidence that the prospective lead plaintiff "will not

fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." *See* § 77z-1(a)(3)(B)(iii).

## III. ANALYSIS

### A.    Initial Presumption

Ognar filed his Motion within the requisite time period.  He is entitled to a rebuttable presumption that he is fit to serve as lead plaintiff if he has the greatest financial loss and satisfies the typicality and adequacy requirements of Rule 23. Ognar, who manages his own account and those of his wife and two daughters, alleges aggregate losses in those four accounts of $766,344.54.  Because Ognar had a pre-litigation relationship with his three immediate family members, it is permissible to consider the aggregate losses when determining which movant has the greater financial loss.  Ognar's aggregate loss is significantly higher than that of any other plaintiff and, as a result, he has the largest financial interest in this litigation.

There is no dispute that Ognar's claims are typical.  They clearly "arise from the same event or course of conduct that gives rise to claims of other class members and the claims are based on the same legal theory."  *See Longden v. Sunderman*, 123 F.R.D. 547, 556 (N.D. Tex. 1988).  Similarly, there is no dispute that Ognar satisfies the "adequacy" requirement of Rule 23.  He has shown that he does not have a conflict

with the remaining class members, that he is willing and able to take an active role in the litigation and protect the class members' interests, and that he has chosen qualified, experienced counsel. *See, e.g., Berger v. Compaq Computer Corp.*, 257 F.3d 475, 479 (5th Cir. 2001).

Ognar has the greatest financial interest in this securities fraud litigation, and there is no challenge to his ability to satisfy the requirements of Rule 23. As a result, Ognar is entitled to the statutory presumption that he is the most appropriate lead plaintiff. *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii).

### B.   Rebuttal Evidence

The PSLRA allows contenders for the role of lead plaintiff to rebut the statutory presumption by submitting proof that the party benefitting from the presumption is subject to unique defenses not applicable to the overall class or that it "will not fairly and adequately protect the interests of the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii). No party has presented evidence to rebut the presumption that Ognar is the most appropriate lead plaintiff.

## IV.   CONCLUSION AND ORDER

Ognar has demonstrated that his losses were significantly greater than any other investor in the proposed class. He satisfies the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure. Consequently, Ognar is presumed

to be the better candidate for lead plaintiff, and that presumption has not been refuted. Accordingly, it is

**ORDERED** that Charles Ognar's Motion for Appointment as Lead Plaintiff [Doc. # 35] is **GRANTED**.  It is further

**ORDERED** that Charles Ognar is **APPOINTED** lead plaintiff.  The law firm of Kahn Gauthier Swick, LLC is **APPOINTED** lead counsel, and the Sadin Law Firm P.C. is **APPOINTED** liaison counsel.  It is further

**ORDERED**, in accordance with the its Withdrawal of its Motion for Appointment of Lead Counsel [Doc. # 62], that Douglas Consulting, Inc.'s Motion for Appointment as Lead Plaintiff [Doc. # 30] is **DENIED**.

**SIGNED** at Houston, Texas, this **20th** day of **May**, **2008**.

Nancy F. Atlas
United States District Judge