IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE SUPERIOR OFFSHORE § | | |
| INTERNATIONAL, INC. § | | CIVIL ACTION NO. H-08-0687 |
| SECURITIES LITIGATION § | | |

### MEMORANDUM AND ORDER

This securities case is before the Court on the Motion to Dismiss [Doc. # 80] filed by Defendants Merrill Lynch, Pierce, Fenner & Smith, Inc. and J.P. Morgan Securities Inc. (collectively, the "Underwriter Defendants") and the Motion to Dismiss [Doc. # 84] filed by Defendants James J. Mermis, Roger D. Burks, Louis E. Schaefer, Jr., and R. Joshua Koch, Jr. (collective, the "Individual Defendants"). Plaintiffs filed a consolidated Opposition [Doc. # 85], the Individual Defendants filed a Reply [Doc. #87], as did the Underwriter Defendants [Doc. # 89]. The Court has reviewed the Consolidated Amended Class Action Complaint [Doc. # 71], the briefing by the parties, and all other matters of record. Based on that review and the application of governing legal principles, the Court **denies** the Motions to Dismiss.

### I.   BACKGROUND

Defendant Superior Offshore International, Inc. ("Superior") was a company that provided subsea construction and commercial diving services to the crude oil and

natural gas industry in the Gulf of Mexico. Defendant Louis E. Schaefer was Chairman of Superior's Board of Directors, and Defendant James Mermis was its President, Chief Executive Officer, and a member of the Board of Directors. Defendant Roger D. Burks was Superior's Chief Financial Officer and a Board member, and Defendant Joshua Koch was its Senior Vice President, General Counsel, Secretary, and a member of the Board of Directors.

In April 2007, Superior conducted an Initial Public Offering ("IPO") of approximately 10.2 million shares of its corporate stock. Defendants Merrill Lynch, Pierce, Fenner & Smith Inc. ("Merrill Lynch") and J.P. Morgan Securities Inc. ("JP Morgan") are investment banking entities that acted as lead underwriters for the IPO. Plaintiffs purchased shares of Superior stock during the IPO. Plaintiffs allege that they relied on Superior's Registration Statement and Prospectus (the "Registration Statement"), which contained information that was materially false or misleading. Plaintiffs allege that the Individual Defendants and the Underwriter Defendants violated Section 11 of the Securities Act of 1933, 15 U.S.C. § 77k and § 77o ("Section 11").[1] Plaintiffs also allege that the Individual Defendants are control persons of

---

[1] Plaintiffs also allege that Superior violated Section 11, but all claims against Superior have been stayed as a result of Superior's Chapter 11 Bankruptcy proceeding currently pending in the United States Bankruptcy Court for the Southern District of Texas, Case No. 08-32590.

Superior and are liable under Section 15 of the Securities Act, 15 U.S.C. § 77t, for Superior's violation of Section 11.

After the IPO, Superior suffered significant losses, and its stock began to lose value. In August 2007, the stock price had fallen from the IPO price of $15.00 per share to approximately $13.50 per share. By October 23, 2007, the stock price had fallen to $11.00 per share. As of November 21, 2007, the price of Superior's stock had fallen to $6.26 per share, almost 65% below the IPO price in April 2007. In January 2008, the price fell below $4.00 per share; by April 3, 2008, Superior shares were trading at $1.08 per share. On April 24, 2008, Superior announced that it was ceasing operations and terminating all employees except those needed to wind down the corporation's affairs. That same day, Superior filed a voluntary petition under Chapter 11 of the Bankruptcy Code.

Various investors filed lawsuits against Superior and other defendants. These cases were consolidated into this case. By Memorandum and Order [Doc. # 54] entered May 20, 2008, Charles Ognar was appointed lead plaintiff.

On July 21, 2008, Plaintiffs filed their Consolidated Amended Class Action Complaint ("Complaint") [Doc. # 71]. Defendants moved to dismiss Plaintiff's Complaint, the motions have been fully briefed, and they are now ripe for decision.

## II.     APPLICABLE LEGAL PRINCIPLES

### A.     Motions to Dismiss

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim is viewed with disfavor and is rarely granted. *Priester v. Lowndes County*, 354 F.3d 414, 418 (5th Cir. 2004) (citing *Lowrey v. Tex. A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997)). The complaint must be liberally construed in favor of the plaintiff and all well-pleaded facts taken as true. *See Erickson v. Pardus*, ___ U.S. ___, 127 S. Ct. 2197, 2200 (2007) ("[A] judge must accept as true all of the factual allegations contained in the complaint." (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, ___, 127 S. Ct. 1955, 1965 (2007) (internal citations omitted)). A claim may only be dismissed if the plaintiff is not entitled to relief under any set of facts or any possible theory of recovery that he could prove consistent with the allegations in his complaint. *Id.* (citing *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)).

"In considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings, including attachments thereto." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). In addition, "documents whose contents are alleged in a complaint and whose authenticity no party questions" may be considered on a motion to dismiss. *Id.* at

498–99 (quotation omitted); *see Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996) (holding that in deciding a motion to dismiss, the district court could properly rely on documents filed with the Securities and Exchange Commission).

### B.   Section 11 Claims

Section 11 of the Securities Act contains liability provisions that are "expansive -- creating 'virtually absolute' liability for corporate issuers for even innocent material misstatements." *See Krim v. pcOrder.com, Inc.*, 402 F.3d 478, 495 (5th Cir. 2005). The elements of a Section 11 claim are: (1) an omission or misrepresentation; and (2) the omission or misrepresentation was of a material fact required to be stated or necessary so that other statements are not misleading. *See Krim v. BancTexas Group, Inc.,* 989 F.2d 1435, 1445 (5th Cir. 1993).  A fact is "material" if it is one that a reasonable investor would consider significant in his decision whether to invest and that alters the "total mix" of information available about the investment. *See Isquith v. Middle South Utilities, Inc.*, 847 F.2d 186, 207-08 (5th Cir. 1988). Because Section 11 liability can be based on strict liability and/or negligence, Section 11 generally requires only notice pleading under Rule 8 of the Federal Rules of Civil Procedure, not the detailed pleading required by Rule 9(b) or by the Private Securities Litigation Reform Act. *See Kapps v. Torch Offshore, Inc.,* 379 F.3d 207, 210 (5th Cir. 2004).

"If a plaintiff purchased a security issued pursuant to a registration statement, he need only show a material misstatement or omission to establish his *prima facie* case. Liability against the issuer of a security is virtually absolute, even for innocent misstatements." *pcOrder,* 402 F.3d at 495 (citing *Herman & MacLean,* 459 U.S. 375, 382 (1983); *Lone Star Ladies Inv. Club v. Schlotzsky's Inc.,* 238 F.3d 363, 369 (5th Cir. 2001)).

### III.  ANALYSIS

A Section 11 claim should not be dismissed where the plaintiffs allege a material misrepresentation or omission in the Registration Statement. In this case, Plaintiffs satisfy this burden of pleading a Section 11 claim. They allege, for example, that the Registration Statement was misleading because, while it disclosed that Superior was paying annual salaries of $120,000 and $48,000, respectively, to Schaefer's sons, it omitted the disclosure that the sons were not performing any meaningful services in return for their salaries. *See* Complaint, ¶¶ 68, 70(d). Plaintiffs allege that this omission made the information regarding Schaefer's sons' salaries misleading and was information that a reasonable investor would consider significant.

Similarly, Plaintiffs allege that the Registration Statement contained inaccurate information and misrepresented conditions at Superior that existed at the time of the

IPO. For example, Plaintiffs allege that the comments in the Registration Statement that demand for Superior's services were "currently" at a high level and that Superior anticipated that hurricane-related repair projects would "continue for the next several years" were inaccurate because Superior's hurricane-related and other work had already declined precipitously at the time of the IPO. *See* Complaint, ¶¶ 41-42. Similarly, Plaintiffs allege that the comment in the Registration Statement that Superior had a "strong and loyal customer base" that included "most of the top 20 crude oil and natural gas producers . . ." was materially inaccurate because Superior actually had only two or three very small customers and a single large customer. *See id.*, ¶¶ 40, 47.

Plaintiffs allege that the Registration Statement contained information regarding Superior's management team that was either inaccurate or misleading because material information was omitted. For example, Plaintiffs note that the Registration Statement touted prior experience of Mermis and Patrice Chemin (who became Superior's Chief Operating Officer in May 2007) with Torch Offshore, Inc. ("Torch"). *See* Complaint, ¶¶ 27, 29. Plaintiffs allege that the information was misleading because it omitted that Torch filed for bankruptcy protection during Mermis and Chemin's tenure with the company. *See id.*, ¶ 28. Indeed, Plaintiffs allege that Chemin's dates of service with Torch as provided in the Registration Statement

(December 1997 to December 2000) are materially inaccurate because they omit that Chemin returned to Torch in September 2003, approximately one year before Torch filed its bankruptcy petition. *See id.*, ¶ 30.

All of these alleged misrepresentations or omissions involve information that a reasonable investor could consider significant in making his investment decision. Plaintiffs have adequately alleged, and have identified by code the sources of their factual allegations, the necessary elements of a Section 11 claim and the Complaint is not subject to dismissal.

Defendants argue that Plaintiffs cannot pursue a Section 11 claim because Superior in the Registration Statement advised potential investors of the risks involved in its business and that Defendants cannot be held liable for events that occurred after the IPO was completed. The Court agrees that the Registration Statement contains an array of warnings about potential future risks. Plaintiffs' allegations, however, are that there was material information known to Defendants regarding the condition of Superior's business and business practices at the time of the IPO that was not included in the Registration Statement. Plaintiffs do not challenge the accuracy of future predictions, but instead challenge the accuracy and completeness of the information regarding Superior's current condition at the time of the IPO.

Plaintiffs identify in their Complaint certain instances of managerial incompetence, breaches of fiduciary duty, and statements of corporate optimism. For example, Plaintiffs allege that Defendant Mermis, while Superior's President and Chief Executive Officer, solicited a job not for Superior but for a separate company for whom he later went to work. *See* Complaint, ¶ 75. Defendants argue that statements of managerial incompetence, breaches of fiduciary duty, and corporate optimism are not actionable under Section 11. Defendants are correct in their statement of the law. Again, however, Plaintiffs factual statements regarding managerial incompetence and breaches of fiduciary duty are mostly background and are not the factual basis for the Section 11 claim. Plaintiffs do not base their Section 11 claim on statements of corporate optimism, but on misstatements regarding Superior's current condition. Plaintiffs have adequately stated a claim under Section 11 of the Securities Act and the motions to dismiss must be denied.[2]

## IV. <u>**CONCLUSION AND ORDER**</u>

Plaintiffs have satisfied the notice pleading standard of Rule 8 of the Federal Rules of Civil Procedure by alleging a factual basis for their Section 11 securities

---

[2] The Court holds only that, when read as a whole, Plaintiffs' Complaint adequately asserts a claim under Section 11 of the Securities Act. The Court is not required to, and will not in this case, address each statement to determine whether it would or would not state a Section 11 claim. Additionally, the Court's decision on the motions to dismiss should not be construed as stating any opinion whatsoever regarding whether Plaintiffs can prove and ultimately prevail on the claims in their Complaint.

claim. Specifically, Plaintiffs have alleged – based in large part on information provided by "confidential witnesses" who were well-placed in positions within Superior – that statements in the Registration Statement were materially incorrect and were either inconsistent with facts known to Superior at the time of the IPO or were misleading because the statements were incomplete. As a result, the Section 11 claim is not subject to dismissal at this stage of the proceedings. Because there is no challenge to the allegation that the Individual Defendants are control persons, the Court also denies their request for dismissal of the Section 15 claim. As a result, it is hereby

**ORDERED** that the Motions to Dismiss [Docs. # 80 and # 84] are **DENIED**.

SIGNED at Houston, Texas, this 12th day of **January, 2009.**

_____
Nancy F. Atlas
United States District Judge