UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| ) | |
| ) | |
| ) | |
| ) | |
| **In Re SUPERIOR OFFSHORE** ) | **CIVIL ACTION NO. 08-cv-00687** |
| **INTERNATIONAL, INC. SECURITIES** ) | |
| **LITIGATION** ) | **JUDGE NANCY F. ATLAS** |
| ) | |
| ) | **JURY TRIAL DEMANDED** |
| ) | |
| ) | |
| ) | |
| ) | |

## <u>DEFENDANTS JAMES MERMIS, ROGER BURKS, LOUIS SCHAEFER AND R. JOSHUA KOCH'S ANSWER TO PLAINTIFFS' CONSOLIDATED AMENDED CLASS ACTION COMPLAINT</u>

Defendants James Mermis ("Mermis"), Roger Burks ("Burks"), Louis Schaefer ("Schaefer"), and R. Joshua Koch ("Koch") (collectively, the "Defendants") each hereby respond to plaintiffs' Consolidated Amended Class Action Complaint for Violation of Securities Laws (the "Complaint") as follows. Defendants deny all allegations that are not expressly admitted as set forth below.

1.      Defendants admit that the Complaint purports to allege a class action on behalf of purchasers of Superior Offshore International, Inc. ("SOI" or the "Company) common stock during the alleged putative class period of April 20, 2007 to April 25, 2008, inclusive. The amount of shares sold and gross proceeds raised is a matter of public record to which no response is required. Except as so expressly admitted, Defendants deny each and every allegation of paragraph 1.

2.      Defendants admit that plaintiffs are alleging violations of the Securities Act of 1933, 15 U.S.C. §§ 77k and 77o. Except as so expressly admitted, Defendants deny each and every allegation of paragraph 2.

3.      Defendants answer that the Registration Statement speaks for itself.

4.      Defendants deny each and every allegation of paragraph 4.

5.      Defendants answer that the Registration Statement speaks for itself.

6.      Defendants answer that the Registration Statement speaks for itself.

7.      Defendants answer that the Registration Statement speaks for itself.

8.      Defendants answer that the Registration Statement speaks for itself.

9.      Defendants answer that the Registration Statement speaks for itself.

10.      Defendants answer that the Registration Statement speaks for itself.

11.      Defendants deny each and every allegation in paragraph 11.

    (a)      Defendants deny each and every allegation in paragraph 11(a).

    (b)      Defendants deny each and every allegation in paragraph 11(b).

    (c)      Defendants admit that Mermis, Eric Smith, and Patrice Chemin previously were employed by Torch Offshore, Inc. Except as so expressly admitted, Defendants deny each and every allegation in paragraph 11(c).

    (d)      Defendants lack sufficient information to know what the former employees "reported" to plaintiffs or plaintiffs' counsel. Defendants deny each and every allegation in paragraph 11(d).

    (e)      Defendants deny each and every allegation in paragraph 11(e).

    (f)      Defendants deny each and every allegation in paragraph 11(f).

(g)       Defendants admit that the *Superior Achiever* was agreed to be sold in December 2007. Except as so expressly admitted, Defendants deny each and every allegation in paragraph 11(g).

(h)       Defendants deny each and every allegation in paragraph 11(h).

12.      Defendants admit that the Company made a series of disclosures between August 14, 2007 and April 25, 2008, and that these disclosures speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation of paragraph 12.

13.      Defendants answer that the April 22, 2008 SmallCapInvestor.com article speaks for itself.

14.      Defendants deny each and every allegation of paragraph 14. Further, the amount of stock, if any, sold by the individual defendants is a matter of public record to which no response is required.

15.      Defendants lack sufficient information to know the basis of plaintiff's allegations. Defendants deny each and every allegation of paragraph 15.

16.      Defendants admit the allegations of paragraph 16.

17.      Defendants admit the allegations of paragraph 17.

18.      Defendants lack sufficient information to admit or deny whether plaintiff Charles Ognar purchased shares of Superior Offshore common stock. Ognar's certification speaks for itself. Defendants deny each and every allegation of paragraph 18.

19.      Defendants lack sufficient information to admit or deny whether plaintiffs Calvin Glance and James Britain purchased shares of Superior Offshore common stock. Glance's and Britain's certifications speak for themselves. Defendants deny each and every allegation of paragraph 19.

20.     Defendants admit the allegations of paragraph 20.

21.     Defendants admit the allegations of paragraph 21.

22.     Defendants deny each and every allegation of paragraph 22.

    (a)    Defendants admit that Schaefer was Chairman of the Board of Directors of SOI and resigned on November 14, 2007. The amount of any stock sold by Schaefer and the timing of any sale of stock is a matter of public record to which no response is required. Except as so expressly admitted, Defendants deny each and every allegation of paragraph 22(a).

    (b)    Defendants admit that Mermis was President, Chief Executive Officer and a member of the Board of Directors of SOI at the time of the IPO and resigned on or about January 28, 2008. Defendants admit that Mermis was previously employed by Torch Offshore, Inc in a non-executive capacity. The amount of any stock sold by Mermis and the timing of any sale of stock is a matter of public record to which no response is required. Except as so expressly admitted, Defendants deny each and every allegation of paragraph 22(b).

    (c)    Defendants admit that Burks was Chief Financial Officer and a member of the Board of Directors of SOI at the time of the IPO. The amount of any stock sold by Burks and the timing of any sale of stock is a matter of public record to which no response is required. Except as so expressly admitted, Defendants deny each and every allegation of paragraph 22(c).

    (d)    Defendants admit that Koch was Senior Vice President, General Counsel, Secretary, and a member of the Board of Directors of SOI at the time of

the IPO. The amount of any stock sold by Koch and the timing of any sale of stock is a matter of public record to which no response is required. Except as so expressly admitted, Defendants deny each and every allegation of paragraph 22(d).

23.     Defendants admit the allegations of paragraph 23.

24.     Defendants admit the allegations of paragraph 24.

25.     Defendants admit that Merrill Lynch and J.P. Morgan acted as lead underwriters and that the Registration Statement disclosed their respective compensation. Except as so expressly admitted, Defendants deny each and every allegation of paragraph 25.

26.     Defendants answer that the Registration Statement speaks for itself. Except as so expressly admitted, Defendants deny each and every allegation of paragraph 26.

27.     Defendants answer that the Registration Statement speaks for itself. Except as so expressly admitted, Defendants deny each and every allegation of paragraph 27.

28.     Defendants deny each and every allegation of paragraph 28.

29.     Defendants answer that the Registration Statement speaks for itself. Except as so expressly admitted, Defendants deny each and every allegation of paragraph 29.

30.     Defendants answer that the Torch press release speaks for itself. Except as so admitted, Defendants deny each and every allegation of paragraph 30.

31.     Defendants answer that the Registration Statement speaks for itself.

32.     Defendants answer that Smith's resume speaks for itself. Except as so admitted, Defendants deny each and every allegation of paragraph 32.

33.     Defendants answer that the Registration Statement speaks for itself.

34.     Defendants lack sufficient information to know what CW 5 reported to plaintiffs. Except as so admitted, Defendants deny each and every allegation of paragraph 34.

35.     Defendants lack sufficient information to know what CW 5 reported to plaintiffs regarding senior management.  Except as so admitted, Defendants deny each and every allegation of paragraph 35.

36.     Defendants lack sufficient information to know what CW 8 reported to plaintiffs. Except as so admitted, Defendants deny each and every allegation of paragraph 36.

37.     Defendants lack sufficient information to know what CW 9 reported to plaintiffs. Except as so admitted, Defendants deny each and every allegation of paragraph 37.

38.     Defendants lack sufficient information to know what CW 9 reported to plaintiffs. Except as so admitted, Defendants deny each and every allegation of paragraph 38.

39.     Defendants lack sufficient information to know what CW 9 reported to plaintiffs. Except as so admitted, Defendants deny each and every allegation of paragraph 39.

40.     Defendants answer that the Registration Statement speaks for itself.

41.     Defendants answer that the Registration Statement speaks for itself.

42.     Defendants deny each and every allegation of paragraph 42.

43.     Defendants answer that the Registration Statement speaks for itself.

44.     Defendants deny each and every allegation of paragraph 44.

45.     Defendants lack sufficient information to know what CW 8 reported to plaintiffs. Except as so admitted, Defendants deny each and every allegation of paragraph 45.

46.     Defendants lack sufficient information to know what CW 5 reported to plaintiffs. Except as so admitted, Defendants deny each and every allegation of paragraph 46.

47.    Defendants lack sufficient information to know what CW 1 reported to plaintiffs. Defendants admit that British Petroleum was a customer of SOI.  Except as so expressly admitted, Defendants deny each and every allegation of paragraph 47.

48.    Defendants lack sufficient information to know what CW 5 reported to plaintiffs. Except as so admitted, Defendants deny each and every allegation of paragraph 48.

49.    Defendants lack sufficient information to know what CW 6 reported to plaintiffs. Except as so admitted, Defendants deny each and every allegation of paragraph 49.

50.    Defendants answer that the Registration Statement speaks for itself.

51.    Defendants answer that the Registration Statement speaks for itself.

52.    Defendants deny each and every allegation of paragraph 52.

53.    Defendants deny each and every allegation of paragraph 53.

54.    Defendants lack sufficient information to know what CW 5 reported to plaintiffs. Defendants deny each and every allegation of paragraph 54.

55.    Defendants answer that the Company's August 2007 public disclosure speaks for itself.

56.    Defendants answer that the Registration Statement speaks for itself.

57.    Defendants admit that the Company announced its plans to sell the Superior Achiever before it had been delivered to SOI.  Except as so expressly admitted, Defendants deny each and every allegation of paragraph 57.

58.    Defendants admit that at the time of the IPO and continuing until approximately September 2007 the Endeavor was in dry dock, undergoing significant improvements. Defendants lack sufficient information to know what CW 5 reported to plaintiffs.  Except as so expressly admitted, Defendants deny each and every allegation of paragraph 58.

59.     Defendants lack sufficient information to know what CW 5 reported to plaintiffs or the basis for Mr. Ledet's departure from CalDive.  Except as so expressly admitted, Defendants deny each and every allegation of paragraph 59.

60.     Defendants lack sufficient information to know what CW 5 reported to plaintiffs. Defendants admit that mid-2007, the Superior Endeavor experienced technical issues.  Except as so expressly admitted, Defendants deny each and every allegation of paragraph 60.

61.     Defendants lack sufficient information to know what CW 1 reported to plaintiffs. Except as so expressly admitted, Defendants deny each and every allegation of paragraph 61.

62.     Defendants lack sufficient information to know what CW 6 reported to plaintiffs. Except at so expressly admitted, Defendants deny each and every allegation of paragraph 62.

63.     Defendants lack sufficient information to know what CW 1 reported to plaintiffs. Defendants deny each and every allegation of paragraph 63.

64.     Defendants lack sufficient information to know what CW 5 reported to plaintiffs. Except as so expressly admitted, Defendants deny each and every allegation of paragraph 64.

65.     Defendants lack sufficient information to know what CW 6 reported to plaintiffs. Except as so expressly admitted, Defendants deny each and every allegation of paragraph 65.

66.     Defendants lack sufficient information to know what CW 9 and CW 5 reported to plaintiffs.  Defendants admit that there was a dispute between the Company and BP.  Except as so expressly admitted, Defendants deny each and every allegation of paragraph 66.

67.     Defendants lack sufficient information to know what CW 5 reported to plaintiffs. Except as so admitted, Defendants deny each and every allegation of paragraph 67.

68.     Defendants answer that the Registration Statement speaks for itself.

69.     Defendants answer that the Registration Statement speaks for itself.

70.     Defendants lack sufficient information to know what CW 10, CW 1, CW 5, and CW 8 reported to plaintiffs.  Except as so admitted, Defendants deny each and every allegation of paragraph 70 and its subparagraphs (a) through (e).

71.     Defendants lack sufficient information to know what CW 5 and CW 1 reported to plaintiffs.  Except as so admitted, Defendants deny each and every allegation of paragraph 71.

72.     Defendants lack sufficient information to know what CW 1 reported to plaintiffs.  Except as so admitted, Defendants deny each and every allegation of paragraph 72.

73.     Defendants lack sufficient information to know what CW 5 and CW 1 reported to plaintiffs.  Except as so admitted, Defendants deny each and every allegation of paragraph 73.

74.     Defendants answer that the Registration Statement speaks for itself.

75.     Defendants lack sufficient information to know what CW 1 and CW 2 reported to plaintiffs.  Except as so admitted, Defendants deny each and every allegation of paragraph 75.

76.     Defendants lack sufficient information to know what CW 5 reported to plaintiffs.  Except as so admitted, Defendants deny each and every allegation of paragraph 76.

77.     Defendants answer that the Registration Statement speaks for itself.

78.     Defendants answer that the Registration Statement speaks for itself.

79.     Defendants answer that the Registration Statement speaks for itself.

80.     Defendants deny each and every allegation of paragraph 80.

81.     Defendants lack sufficient information to know what CW 8, CW 6, and CW 3 reported to plaintiffs.  Except as so admitted, Defendants deny each and every allegation of paragraph 81.

82.     Defendants lack sufficient information to know what CW 4 reported to plaintiffs.  Except as so admitted, Defendants deny each and every allegation of paragraph 82.

83.     Defendants lack sufficient information to know what CW 5, CW 8, CW 1, and CW 7 reported to plaintiffs.  Except as so expressly admitted, Defendants deny each and every allegation of paragraph 83 and its subparagraphs (a)-(e).

84.     Defendants lack sufficient information to know what CW 9 and CW 5 reported to plaintiffs.  Except as so expressly admitted, Defendants deny each and every allegation of paragraph 84 and its subparagraphs (a)-(c).

85.     Defendants answer that the Registration Statement speaks for itself.

86.     Defendants answer that the Registration Statement speaks for itself.

87.     Defendants deny each and every allegation of paragraph 87.

88.     Defendants lack sufficient information to know what CW 6 reported to plaintiffs. Except as so expressly admitted, Defendants deny each and every allegation of paragraph 88.

89.     Defendants lack sufficient information to know what CW 8 reported to plaintiffs. Except as so expressly admitted, Defendants deny each and every allegation of paragraph 89.

90.     Defendants answer that the Registration Statement speaks for itself.  Except as so expressly admitted, Defendants deny each and every allegation in paragraph 90.

91.     Defendants deny each and every allegation of paragraph 91.

92.     Defendants answer that the Registration Statement speaks for itself.

93.     Defendants deny each and every allegation of paragraph 93.

94.     Defendants answer that the Registration Statement speaks for itself.  Except as so expressly admitted, Defendants deny each and every allegation in paragraph 94.

95.     Paragraph 95 contains purported accounting pronouncements to which no response is required.  To the extent any response is required, Defendants answer that GAAP

speaks for itself. Defendants further answer that FASB Statements of Concepts No. 1 speaks for itself.

96.     Paragraph 96 contains legal conclusions to which no response is required. To the extent any response is required, Defendants answer that SEC Rule 4-01(a) of SEC Regulation S-X speaks for itself. Defendants further answer that the AICPA professional standards speak for themselves.

97.     Defendants answer that Concepts Statements Nos. 5 and 6 speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation of paragraph 97.

98.     Defendants answer that the form NT 10-Q, dated August 15, 2007, speaks for itself. Except as so expressly admitted, Defendants deny each and every allegation of paragraph 98.

99.     Defendants deny each and every allegation of paragraph 99.

100.    Defendants deny each and every allegation of paragraph 100.

101.    Defendants answer that the Registration Statement speaks for itself. Except as so expressly admitted, Defendants deny each and every allegation of paragraph 101.

102.    Defendants deny each and every allegation of paragraph 102.

103.    Defendants answer that the Registration Statement speaks for itself. Except as so expressly admitted, Defendants deny each and every allegation of paragraph 103.

104.    Defendants deny each and every allegation of paragraph 104.

105.    Defendants answer that Item 7 of Form 10-K; Item 2 of Form 10-Q, MD&A; and Item 303 and 303(a) of Regulation S-K speak for themselves.

106.    Defendants answer that the SEC's May 18, 1989 Interpretive Release No. 34-26831 speaks for itself.

107.	Defendants deny each and every allegation of paragraph 107.

108.	Defendants answer that the August 14, 2007 press release speaks for itself. Except as so expressly admitted, Defendants deny each and every allegation of paragraph 108.

109.	Defendants answer that the August 14, 2007 press release speaks for itself. Except as so expressly admitted, Defendants deny each and every allegation of paragraph 109.

110.	Defendants answer that the Registration Statement speaks for itself. Defendants further answer that the August 14, 2007 press release speaks for itself. Except as so expressly admitted, Defendants deny each and every allegation of paragraph 110.

111.	Defendants answer that the August 14, 2007 press release speaks for itself.

112.	Defendants answer that the August 15, 2007 TheStreet.com report speaks for itself.

113.	The Company's stock price and trading volume between August 14, 2007 and August 16, 2007 is a matter of public record to which no response is required.

114.	Defendants answer that the October 23, 2007 press release speaks for itself. The Company's stock price on October 23, 2007 is a matter of public record to which no response is required. Except as so expressly admitted, Defendants deny each and every allegation of paragraph 114.

115.	Defendants answer that the October 23, 2007 press release speaks for itself.

116.	Defendants answer that the November 14, 2007 press release speaks for itself. Except as so expressly admitted, Defendants deny each and every allegation of paragraph 116.

117.	Defendants admit that Schaefer resigned from the Board of Directors effective November 14, 2007, and that Persky was appointed to serve as Chairman on November 15,

2007. Except as so expressly admitted, Defendants deny each and every allegation of paragraph 117.

118. Defendants answer that the November 16, 2007 press release speaks for itself.

119. The Company's stock price and trading volume between November 14, 2007 and November 21, 2007, and between the IPO and November 21, 2007, is a matter of public record to which no response is required.

120. Defendants answer that the December 20, 2007 release speaks for itself. Except as so expressly admitted, Defendants deny each and every allegation of paragraph 120.

121. Defendants deny each and every allegation of paragraph 121. Further, the Company's stock price on January 9, 2008 is a matter of public record to which no response is required.

122. Defendants admit the allegations of paragraph 122.

123. Defendants deny each and every allegation of paragraph 123.

124. Defendants answer that the April 1, 2008 press release speaks for itself and that the Company's stock price on April 1, 2008 is a matter of public record for which no response is required. Except as so expressly admitted, Defendants deny each and every allegation of paragraph 124.

125. Defendants answer that the April 1, 2008 press release speaks for itself. Except as so expressly admitted, Defendants deny each and every allegation of paragraph 125.

126. Defendants answer that the April 1, 2008 press release speaks for itself. Except as so expressly admitted, Defendants deny each and every allegation of paragraph 126.

127. Defendants answer that the April 1, 2008 press release speaks for itself.

128. Defendants answer that the April 1, 2008 press release speaks for itself.

129.   Defendants answer that the April 2, 2008 *Wall Street Journal* announcement speaks for itself.

130.   SOI's stock price on April 1 and April 3, 2008 is a matter of public record to which no response is required.

131.   Defendants answer that the April 3, 2008 *Houston Business Journal* article speaks for itself.  Except as so expressly admitted, Defendants deny each and every allegation of paragraph 131.

132.   Defendants answer that the April 22, 2008 *SmallCapInvestor.com* article speaks for itself.  Except as so expressly admitted, Defendants deny each and every allegation of paragraph 132.

133.   Defendants answer that the April 23, 2008 release speaks for itself.

134.   Defendants admit the allegations of paragraph 134.

135.   Defendants admit the allegation of paragraph 135.

136.   Defendants answer that the April 25, 2008 *Houston Business Journal* article speaks for itself.  Further, SOI's stock price on April 23 and April 29, 2008 is a matter of public record to which no response is required.  Except as so expressly admitted, Defendants deny each and every allegation of paragraph 136.

137.   The SOI insider sales are matters of public record to which no response is required.  Defendants deny each and every allegation in paragraph 137.

138.   Defendants deny each and every allegation in paragraph 138.  Further, paragraph 138 contains legal conclusions to which no response is required.

139.   Defendants deny each and every allegation in paragraph 139.  Further, paragraph 139 contains legal conclusions to which no response is required.

140.     Defendants deny each and every allegation in paragraph 140.  Further, paragraph 140 contains legal conclusions to which no response is required.

141.     Paragraph 141 contains legal conclusions to which no response is required.

142.     Defendants deny each and every allegation in paragraph 142.  Further, paragraph 142 contains legal conclusions to which no response is required.

143.     Defendants deny each and every allegation in paragraph 143.  Further, paragraph 143 contains legal conclusions to which no response is required.

144.     Defendants deny each and every allegation in paragraph 144.  Further, paragraph 144 contains legal conclusions to which no response is required.

145.     Defendants admit that plaintiffs purport to bring a class action claim.  Further, paragraph 145 contains legal conclusions to which no response is required.  Except as so expressly admitted, Defendants deny each and every allegation of paragraph 145.

146.     Paragraph 146 contains legal conclusions to which no response is required.  To the extent any response is required, however, Defendants are without information sufficient to form a belief as to the commonality of plaintiffs' claims.  Defendants deny that plaintiffs or any other member of the alleged class sustained any damages as a result of the Defendants' conduct.

147.     Paragraph 147 contains legal conclusions to which no response is required.  To the extent any response is required, however, Defendants are without information sufficient to form a belief as to the typicality of plaintiffs' claims.  Defendants deny SOI stock was overvalued during the Class Period and also deny that the Registration Statement failed to disclose material adverse information.

148.     Paragraph 148 contains legal conclusions to which no response is required. Except as so expressly admitted, Defendants deny each and every allegation of paragraph 148.

149.    Defendants repeat and incorporate here by reference their prior responses to paragraphs 1-148.

150.    Defendants admit the allegations of paragraph 150.

151.    Defendants deny each and every allegation in paragraph 151. Further, paragraph 151 contains legal conclusions to which no response is required.

152.    Defendants deny each and every allegation in paragraph 152. Further, paragraph 152 contains legal conclusions to which no response is required.

153.    Defendants admit that less than three years elapsed between the IPO and the filing of this action. Except as so expressly admitted, Defendants deny each and every allegation of paragraph 153.

154.    Defendants deny each and every allegation in paragraph 154.

155.    Defendants repeat and incorporate here by reference their prior responses to paragraphs 1-154.

156.    Defendants admit the allegations of paragraph 156.

157.    Paragraph 157 contains legal conclusions to which no response is required. Except as so expressly admitted, Defendants deny each and every allegation of paragraph 157.

158.    Defendants admit that they were signatories to the Registration Statement. Except as so expressly admitted, Defendants deny each and every allegation in paragraph 158.

159.    Defendants admit that less than three years elapsed between the IPO and the filing of this action. Except as so expressly admitted, Defendants deny each and every allegation of paragraph 159.

160.    Defendants deny each and every allegation in paragraph 160.

161.    Defendants repeat and incorporate here by reference their prior responses to paragraphs 1-160.

162.    Defendants admit the allegations of paragraph 162.

163.    Paragraph 163 contains legal conclusions to which no response is required. Except as so expressly admitted, Defendants deny each and every allegation of paragraph 163.

164.    Defendants admit that the Underwriter Defendants were partially responsible for the preparation of the Registration Statement. Except as so expressly admitted, Defendants deny each and every allegation in paragraph 164.

165.    Defendants admit that less than three years elapsed between the IPO and the filing of this action. Except as so expressly admitted, Defendants deny each and every allegation of paragraph 165.

166.    Defendants deny each and every allegation in paragraph 166.

167.    Defendants repeat and incorporate here by reference their prior responses to paragraphs 1-166.

168.    Defendants admit the allegations of paragraph 168.

169.    Paragraph 169 contains legal conclusions to which no response is required. Except as so expressly admitted, Defendants deny each and every allegation of paragraph 169.

170.    Defendants deny each and every allegation in paragraph 170.

171.    Defendants deny each and every allegation in paragraph 171.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to the Complaint, and to each purported cause of action alleged therein, Defendants, and each of them, allege as follows:

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

172.    The Complaint, and each purported cause of action alleged therein against each Defendant, fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
(No Materiality)

173.    Any allegedly untrue statement of material fact, omission of material fact, misleading statement, or other action allegedly made or taken by any of the Defendants was not material to the investment decisions of a reasonable investor.

### THIRD AFFIRMATIVE DEFENSE
(No Primary Liability)

174.    Plaintiffs' claims are barred in whole or in part because plaintiffs cannot establish the primary liability necessary to assert control-person liability.

### FOURTH AFFIRMATIVE DEFENSE
(No Damages)

175.    Plaintiffs' claims are barred in whole or in part because plaintiffs and members of the purported plaintiff class did not suffer any damages.

### FIFTH AFFIRMATIVE DEFENSE
(Mitigation of Damages)

176.    Defendants allege that plaintiffs and members of the purported plaintiff class did not exercise due care and failed to act reasonably to protect themselves from, or to mitigate, any damages they allegedly may have sustained by reason of, the alleged wrongful acts set forth in the Complaint.

## SIXTH AFFIRMATIVE DEFENSE
### (Good Faith)

177. Each and every one of the Defendants alleged to be a control person under § 15 of the 1933 Act acted at all times in good faith and did not directly or indirectly induce any act or acts alleged in the Complaint.

## SEVENTH AFFIRMATIVE DEFENSE
### (Conformity With SEC Rules and Regulations)

178. Each and every act or omission alleged in the Complaint was performed or omitted in good faith and in conformity with the rules and regulations of the SEC and, therefore, there is no liability for any act or omission so alleged.

## EIGHTH AFFIRMATIVE DEFENSE
### (No Transaction Causation)

179. Defendants allege that the named plaintiffs and members of the purported plaintiff class would have acquired their SOI common stock at the same price even if they had known of the alleged misstatements and omissions.

## NINTH AFFIRMATIVE DEFENSE
### (Negative Causation)

180. Defendants allege that any depreciation in the market price of SOI common stock acquired by the plaintiffs and members of the purported plaintiff class resulted from factors, including the acts of third parties, other than the alleged misrepresentations and omissions set forth in the Complaint.

## TENTH AFFIRMATIVE DEFENSE
### (Proportionate Liability)

181. Defendants alleged that if plaintiffs and members of the purported plaintiff class sustained any losses under the circumstances alleged in the Complaint (which Defendants deny),

then each Defendant is liable only for that portion of damages that corresponds to his or its respective degree of fault and responsibility and is not liable for any damages attributable to the responsibility, negligence or fault of any other individual or entity.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Due Diligence)

182. Defendants acted reasonably in connection with the portions of the registration statement for which they were responsible.

## TWELFTH AFFIRMATIVE DEFENSE
### (Plaintiffs' Knowledge)

183. Defendants allege that at the time of the IPO, plaintiffs knew the true facts concerning the alleged misrepresentation or omission.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Tracing/Standing)

184. Any plaintiff or purported class member who cannot trace their shares to Superior's IPO lacks standing and cannot state a claim under § 11 of the Securities Act against the Defendants as a matter of law.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Reservation of Defenses)

185. Additional facts may be revealed by future discovery that supports additional affirmative defenses presently available to, but unknown to, the Defendants. Therefore, Defendants reserve the right to assert additional defenses in the event that discovery and investigation indicate that additional defenses would be appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Defendants, and each of them, pray for judgment as follows:

186. That the Complaint be dismissed with prejudice in its entirety, and that plaintiffs take nothing hereby;

187. That judgment be entered in favor of Defendants;

188. For costs of suit, including reasonable attorneys' fees where appropriate under law; and

189. For such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMANDED

Defendants hereby demand a trial by jury.

Dated: February 17, 2009

/s/ Michael Biles
Paul R. Bessette
State Bar No. 02263050
bessettep@gtlaw.com
Michael J. Biles
State Bar No. 24008578
bilesm@gtlaw.com
Yusuf A. Bajwa
State Bar No. 24047754
bajway@gtlaw.com
GREENBERG TRAURIG, LLP
600 Congress Avenue, Suite 300
Austin, Texas, 78701
T: 512.320.7200
F: 512.320.7210

COUNSEL FOR DEFENDANTS
JIM MERMIS AND ROGER BURKS

/s/ Stephen B. Crain
Stephen B. Crain
Texas Bar No. 04994580
S.D. Bar No. 12499
Tony L. Visage
Texas Bar No. 00788587
S.D. Bar No. 17248
BRACEWELL & GIULIANI LLP
711 Louisiana Street, Ste. 2300
Houston, TX 77002
Tel: 713-223-2300
Fax: 713-221-1212

COUNSEL FOR DEFENDANTS
LOUIS E. SCHAEFER, JR. AND
R. JOSHUA KOCH, JR.

## CERTIFICATE OF SERVICE

I hereby certify that on February 17, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record who have consented to electronic notification. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all non-CM/ECF participants.

*/s/ Michael Biles* _____