

| PARTNERS | OF COUNSEL | ASSOCIATES |
|---|---|---|
| Charles C. Foti, Jr., LA | Neil Rothstein, PA | Paul S. Balanon, LA, MD, & D.C. |
| Lewis S. Kahn, LA | | Sarah Catherine Boone, MT |
| Kim E. Miller, NY & CA | | Melissa Ryan Clark, NY |
| Albert M. Myers, NY & GA | | Michael A. McGuane, NY |
| Kevin L. Oufnac, LA & SC | | George S. Mentz, LA |
| Michael A. Swick, NY | | |

October 27, 2009

<u>*Via Electronic Mail*</u>

Michael Biles, Esq.                                  Stephen Crain, Esq.
Yusuf Bajwa, Esq.                                    Tony Visage, Esq.
**GREENBERG TRAURIG, LLP**                            Linda Boyle, Esq.
600 Congress Avenue, Suite 300                       **BRACEWELL & GIULIANI LLP**
Austin, Texas 78701                                  711 Louisiana Street, Ste. 2300
                                                     Houston, TX 77002

   Re: *In re Superior Offshore Int'l, Inc. Sec. Litig.*
      Case No. 08-cv-00697 (NFA)

Dear Counsel:

  We write with respect to the Individual Defendants' privilege logs sent via electronic mail to Plaintiffs on October 14, 2009.

  The Individual Defendants assert a broad claim of attorney-client privilege on 1,357 documents. As you are aware, the burden is on the party asserting the privilege to demonstrate how each document satisfies all the elements of the privilege. *See Hodges, Grant & Kaufmann v. United States,* 768 F.2d 719, 721 (5th Cir.1985). Plaintiffs do not believe that the Individual Defendants (former officers and employees of a bankrupt entity) can assert the attorney-client privilege for these documents. *See Finova Capital Corp. v. Lawrence*, No. 99-CV-2552, 2001 U.S. Dist. LEXIS 2087, at *8 (N.D. Tex. Feb. 23, 2001) ("Only the corporation, acting through its current management, is entitled to assert or waive the privilege."); *In re Bevill, Bresler & Schulman Asset Management Corp.*, 805 F.2d 120, 124 (3d Cir. 1986) ("[a]ny privilege that exists as to a corporate officer's role and functions within a corporation belongs to the corporation, not the officer."). Throughout this litigation the Individual Defendants have maintained that these documents are those of the Company. In light of the foregoing, we see no viable claim of privilege by your clients for any of the 1,357 documents.

  Furthermore, the privilege log itself fails to include for a substantial number of entries such basic information as the author, recipient, or sender of a document or communication. Indeed, the party asserting the attorney-client privilege must prove that waiver by breach of confidentiality did not occur. *United States v. Mobil Corp.*, 149 F.R.D. 533, 536 (N.D. Tex.1993). Just by way of example, Entry Nos. 3, 4, and 16 omit any information whatsoever

650 Poydras Street, Suite 2150 • New Orleans, LA 70130 • (504) 455-1400 - 12 East 41st Street, 12th Floor • New York, NY 10017 • (212) 696-3730
LA and NY fax: (504) 455-1498

**Exhibit B**

Counsel for Individual Defendants
October 27, 2009
Page 2 of 2

---

that would allow Plaintiffs to "assess" the nature of the claim of privilege. Fed. R. Civ. P. (b)(5)(A)(ii).

Plaintiffs request that the Individual Defendants produce all documents currently listed on the privilege log by November 6, 2009. To the extent that the Individual Defendants continue to assert the attorney-client privilege for any specific document, please provide: a revised privilege log containing the information necessary for Plaintiffs to assess the claim of privilege; and information sufficient to show that waiver by breach of confidentiality did not occur.

We look forward to resolving this issue without Court intervention.

Very Truly Yours,

*Kim Miller*
Kim Miller

cc:   Paul Balanon, Esq.
      Melissa Clark, Esq.

**Exhibit B**