

| | |
|---|---|
| Texas<br>New York<br>Washington, DC<br>Connecticut<br>Dubai<br>Kazakhstan<br>London | Bracewell & Giuliani LLP<br>711 Louisiana Street<br>Suite 2300<br>Houston, Texas<br>77002-2770<br><br>713.223.2300 Office<br>713.221.1212 Fax<br><br>bgllp.com |

November 9, 2009

Via Electronic Mail

Kim Miller
Paul Balanon
Kahn Swick & Foti, LLC
650 Poydras Street, Suite 2150
New Orleans, Louisiana 70130

   Re: *In re Superior Offshore Int'l Sec. Litig.*; Civ. No. H-08-00687 (S.D. Tex.)

Dear Counsel:

I write in response to your October 27, 2009 letter, in which you state that the Individual Defendants have no viable claim of privilege as to the documents on the privilege log provided to you on October 14, 2009. The Individual Defendants respectfully disagree with your position. Superior Offshore International, Inc. (the "Company") transferred its documents and electronically stored information ("ESI") to a document repository pursuant to the May 7, 2008 and June 30, 2008 orders of Judge Atlas. In connection with the court-ordered transfer of the Company's documents and ESI, the Company and the Individual Defendants executed a letter agreement addressing the implications of the document/ESI transfer on any applicable privileges. Specifically, the letter notes that the Individual Defendants and the Company share any applicable privilege under the agreement between those parties and under the common interest doctrine. Thus, the Individual Defendants have properly asserted the attorney-client privilege pursuant to the Company's authority and the agreement to share that authority with the Individual Defendants. A copy of the letter agreement referenced above and the Agreed Stipulation regarding the document repository are enclosed for your convenience.

Your letter also states that the Individual Defendants failed to provide sufficient information to Plaintiffs on their privilege log. As we discussed in our November 5, 2009 telephone conversation, the Individual Defendants dispute your statement that "the privilege log itself fails to include for a substantial number of entries such basic information as the author, recipient, or sender of a document or communication." However, the Individual Defendants will provide an amended privilege log pursuant to our discussion. Please feel free to contact counsel for the Individual Defendants if you wish to discuss this issue further.

**Exhibit C**

# BRACEWELL & GIULIANI

Kim Miller
Paul Balanon
November 9, 2009
Page 2

Very truly yours,

Bracewell & Giuliani LLP

Linda R. Boyle

cc: Michael Biles
Yusuf Bajwa
Greenberg Traurig, LLP
600 Congress Avenue, Suite 300
Austin, Texas 78701

BRACEWELL & GIULIANI

**Exhibit C**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

In Re Superior Offshore International, Inc. Securities Litigation )
)
)  Civil Action No. H-08-00687
)
)  JUDGE NANCY F. ATLAS
)

## AGREED STIPULATION

IT IS HEREBY STIPULATED AND AGREED, by and among the attorneys for the undersigned parties to this action, as follows:

(1) A document repository shall be created and maintained to store, preserve and/or process all Electronically Stored Information ("ESI") belonging to or presently in the care, custody or control of Superior for the pendency of this litigation by a third party vendor jointly selected by: Baker Botts L.L.P., counsel for Defendants E. Donald Terry, Leon Codron, Thomas B. Coleman, James L. Persky, and Eric N. Smith; Porter and Hedges LLP, bankruptcy counsel for Superior Offshore International, Inc. ("Superior"); Akin Gump Strauss Hauer & Feld LLP ("Akin Gump"), former counsel for Superior and currently counsel for Defendants James J. Mermis and Roger D. Burks; and Bracewell & Giuliani LLP, counsel for Defendants Louis E. Schaefer, Jr., Patrice Chemin and R. Joshua Koch, Jr. (These Defendants are singularly referenced herein as "Defendant" and collectively referred to as "Defendants." Their respective counsel are referred to herein as "Defense Counsel." The term "Individual Defendants" shall mean Defendants E. Donald Terry, Leon Codron, Thomas B. Coleman, James L. Persky, Eric N. Smith, James J. Mermis, Roger D. Burks, Louis E. Schaefer, Jr., Patrice Chemin, and R. Joshua Koch, Jr.) The repository shall consist of all ESI collected for purposes of this litigation. Defense Counsel will come to a joint, mutually acceptable plan to use limiting data parameters including but not limited to date range, custodian, and file type to identify potentially relevant

**Exhibit C**

ESI, so as to limit the number of documents loaded on to the third-party vendor's site and thereby limit the expense of loading, hosting, and reviewing those documents.

(2) A document repository shall be created and maintained to store and preserve all tangible documents and material ("Hard-Copy Documents") belonging to or presently in the care, custody or control of Superior for the pendency of this litigation. Defense Counsel may, but are not required to, agree to deliver such Hard-Copy Documents to a third party vendor to be imaged and housed as an electronic document depository, stored either by itself or together with the ESI repository described above, if such action would be the most cost-effective method for handling such documents.

(3) Akin Gump represented Superior in this litigation prior to Superior's bankruptcy and has thus already copied ESI from Superior's servers and backup tapes and has imaged the hard-drive of approximately 50 Superior employees. Akin Gump shall be responsible for delivering this ESI to the third-party vendor selected by Defense Counsel for ESI. Akin Gump also copied certain Hard-Copy Documents (approximately two boxes) from Superior. Within 30 days of this agreement, Akin Gump agrees to produce these Hard-Copy Documents to Defense Counsel or some other mutually agreeable location for Superior's Hard-Copy Documents and the third-party vendor chosen by Defense Counsel for ESI. No Defense Counsel shall have any obligation under this Stipulation to store the following material in the document repository:

> (a) its work-product and communications with Individual Defendants which (i) are protected by the work-product or attorney-client privilege and (ii) do not belong to, or were not under the actual or constructive care, custody or control of Superior; or
>
> (b) the personal documents and ESI which (i) do not belong to Superior and (ii) were not under the actual or constructive care, custody or control of Superior or otherwise responsive to a request for production issued to Superior.

**Exhibit C**

In addition, privileged attorney-client communications prepared in connection with the above-captioned litigation shall not be maintained as part of the document repository. The third-party vendor selected by Defense Counsel shall maintain such privileged communications separate from the repository in a manner that limits access to the privileged parties and their respective counsel.

(4) Bankruptcy counsel Porter and Hedges LLP shall be responsible for delivering potentially relevant material on a continuing basis to the appropriate parties: Baker Botts L.L.P. or some other mutually agreeable location for Superior's Hard-Copy Documents and the third-party vendor chosen by Defense Counsel for ESI.

(5) In consideration of Defendants' agreement to implement this plan, Defense Counsel shall have equal access to these materials. All parties shall treat all Hard-Copy Documents and ESI that are in the custody or control of such person and that are subject to this Stipulation as if they were the subject of a continuing request for production of documents from an opposing party under the Federal Rules of Civil Procedure.

(6) Discovery in this matter is currently stayed. If and when discovery is taken in the above-captioned litigation or any party receives a subpoena or document request from any government body, then all Defendants except Superior agree to cooperate and participate in review of the Hard-Copy Documents and ESI, so as to identify all responsive documents and thus avoiding wasteful, duplicative effort.

(7) If in the course of review, Defendants except Superior agree to organize the documents by topic, subject matter, or degree of importance, then such designation or organization shall be the joint work product of all Defendants except Superior, and cannot be waived without express written agreement of all Defendants except Superior.

**Exhibit C**

(8)     In the event that any Defendant is no longer involved in this litigation—by way of, for example, dismissal, judgment, or settlement—that Defendant and its respective Defense Counsel shall have no continuing obligation with respect to the provisions set forth in this Stipulation.

(9)     Superior shall bear no costs or expenses as a result of this Stipulation.

Signed: ~~May~~ June 2, 2008.

**Exhibit C**

APPROVED AND AGREED TO:

*Michael J. Biles* * by permission/dd

Paul R. Bessette
Texas Bar No. 02263050
S.D. Bar No. 22453
Michael J. Biles
Texas Bar No. 24008578
S.D. Bar No. 23146
Laura Moriaty
Texas Bar No. 24046478
S.D. Bar No. 585270
Yusuf Bajwa
Texas Bar No. 24047754
S.D. Bar No. 650026
AKIN GUMP STRAUSS
   HAUER & FELD LLP
300 West 6th Street, Suite 2100
Austin, TX 78701-3911
Tel: 512.499.6200
Fax: 512.499.6290

**COUNSEL FOR DEFENDANTS JAMES J. MERMIS AND ROGER D. BURKS**

*Tony L. Visage* * by permission/dd

Stephen B. Crain
Texas Bar No. 04994580
S.D. Bar No. 12499
Tony L. Visage
Texas Bar No. 00788587
S.D. Bar No. 17248
Douglas A. Daniels
Texas Bar No. 00793579
S.D. Bar No. 19347
BRACEWELL & GIULIANI LLP
711 Louisiana Street, Ste. 2300
Houston, TX 77002
Tel: 713.223.2300
Fax: 713.221.1212

**COUNSEL FOR DEFENDANTS LOUIS E. SCHAEFER, JR., PATRICE CHEMIN AND R. JOSHUA KOCH, JR.**

*David R. Jones* * by permission/dd

David R. Jones
State Bar No. 00786001/S.D.Tex. No. 16082
Porter & Hedges, LLP
1000 Main Street, 36th Floor
Houston, TX 77002
Tel: 713.226.6653
Fax: 713.226.2653

**BANKRUPTCY COUNSEL FOR SUPERIOR OFFSHORE INTERNATIONAL, INC. AS DEBTOR-IN-POSSESSION**

*James Edward Maloney* * by permission/dd

James Edward Maloney
Texas Bar No. 12881500
S.D. Bar No. 01419
Danny David
Texas Bar No. 24028267
S.D. Bar No. 24028267
Tracy N. LeRoy
S.D. Bar No. 860752
BAKER BOTTS, LLP
One Shell Plaza
910 Louisiana Street
Houston, Texas 77002-4995
Tel: 713.229.1234
Fax: 713.229.1522

**COUNSEL FOR LEON CODRON, THOMAS B. COLEMAN, JAMES L. PERSKY, ERIC N. SMITH AND E. DONALD TERRY**

**Exhibit C**

**PORTER & HEDGES** L.L.P.
ATTORNEYS AT LAW

David R. Jones
Partner
(713) 226-6653 Phone
(713) 226-6253 Fax
djones@porterhedges.com

RELIANT ENERGY PLAZA
1000 Main Street, 36th Floor
Houston, Texas 77002
Telephone (713) 226-6000
Telecopier (713) 228-1331
porterhedges.com

August 2, 2008

*By United States Mail*

Mr. Michael J. Biles
Akin Gump Strauss Hauer & Feld LLP
300 West 6th Street, Suite 2100
Austin, TX 78701-3911

Mr. James Edward Maloney
Baker Botts L.L.P.
One Shell Plaza
910 Louisiana Street
Houston, Texas 77002-4995

Mr. Tony L. Visage
Bracewell & Giuliani LLP
711 Louisiana Street, Ste. 2300
Houston, TX 77002

Re: *In re Superior Offshore Int'l, Inc. Sec. Litig.*, C.A. No. H-08-00687; In the United States District Court for the Southern District of Texas

Gentlemen:

As you are aware, I serve as bankruptcy counsel for Superior Offshore International, Inc. ("Superior" or the "Company") in its chapter 11 proceeding. The purpose of this letter is to confirm our agreement that the delivery of the Company's hard-copy documents and electronically stored information ("ESI") as provided for in the June 2, 2008 Agreed Stipulation ("Stipulation") shall not constitute the waiver of any applicable privileges or immunities, including, but not limited to, the attorney-client privilege, the work-product doctrine, statutory privilege, and the self-evaluative privilege. The Company's documents/ESI are being transferred to defense counsel to ensure the preservation of the documents/ESI pursuant to the May 7, 2008 order of Judge Nancy Atlas (as amended on July 30, 2008). The transfer of the Company's documents/ESI is not intended to, and does not, in any way affect the pending stay of discovery.

First, no waiver of any such privilege or immunity is intended by the delivery of documents/ESI by the Company. Documents/ESI are being delivered on the condition that in the event that any material subject to any privilege or immunity is inadvertently produced, such material will be, upon request, either returned to the Company or maintained in the Company's name in a separate repository as provided for in Section 3 of the Stipulation without waiver of any kind.

The Individual Defendants may share the privilege with the Company as to materials they may have seen while serving as officers or directors of the Company. Counsel for the parties listed below acknowledge and agree that the parties may share a common interest in ensuring the preservation of those particular materials. Thus, under the common interest doctrine, even a purposeful waiver of privileged material to those parties would not waive any privileges or

1229921v1

**Exhibit C**

Letter to Counsel
August 2, 2008
Page 2 of 3

immunities with respect to other parties, including, but not limited to, Plaintiffs in the class and derivative actions or the Securities and Exchange Commission.

The parties executing this letter agreement are not prejudicing in any fashion their right or ability to seek to compel production of documents. Also, the parties executing this letter agreement are not prejudicing their ability to challenge the designation as privileged of any documents inadvertently delivered as provided for in the Stipulation. As such, execution of this agreement shall not constitute an admission that any document(s) delivered pursuant to this letter are, in fact, privileged.

If you are in agreement, please sign the letter and return an original to my attention. By executing this letter agreement, the parties agree that the Company's delivery of certain materials pursuant to the Stipulation does not constitute a waiver.

Please call me if you have any questions.

Very truly yours,

David R. Jones

c: H. Malcolm Lovett, Jr.

**Exhibit C**

REVIEWED AND AGREED TO BY:

Paul R. Bessette
Texas Bar No. 02263050
S.D. Bar No. 22453
Michael J. Biles
Texas Bar No. 24008578
S.D. Bar No. 23146
Laura Moriaty
Texas Bar No. 24046478
S.D. Bar No. 585270
Yusuf Bajwa
Texas Bar No. 24047754
S.D. Bar No. 650026
AKIN GUMP STRAUSS
    HAUER & FELD LLP
300 West 6th Street, Suite 2100
Austin, TX 78701-3911
Tel: 512.499.6200
Fax: 512.499.6290
**COUNSEL FOR DEFENDANTS JAMES J. MERMIS AND ROGER D. BURKS**

James Edward Maloney
Texas Bar No. 12881500
S.D. Bar No. 01419
Danny David
Texas Bar No. 24028267
S.D. Bar No. 24028267
Tracy N. LeRoy
Texas Bar No. 24062847
S.D. Bar No. 860752
BAKER BOTTS, LLP
One Shell Plaza
910 Louisiana Street
Houston, Texas 77002-4995
Tel: 713.229.1234
Fax: 713.229.1522
**COUNSEL FOR LEON CODRON, THOMAS B. COLEMAN, JAMES L. PERSKY, ERIC N. SMITH AND E. DONALD TERRY**

Stephen B. Crain
Texas Bar No. 04994580
S.D. Bar No. 12499
Tony L. Visage
Texas Bar No. 00788587
S.D. Bar No. 17248
Douglas A. Daniels
Texas Bar No. 00793579
S.D. Bar No. 19347
BRACEWELL & GIULIANI LLP
711 Louisiana Street, Ste. 2300
Houston, TX 77002
Tel: 713.223.2300
Fax: 713.221.1212
**COUNSEL FOR DEFENDANTS LOUIS E. SCHAEFER, JR., PATRICE CHEMIN AND R. JOSHUA KOCH, JR.**

**Exhibit C**