

| PARTNERS | OF COUNSEL | ASSOCIATES |
|---|---|---|
| Charles C. Foti, Jr., LA | Neil Rothstein, PA | Paul S. Balanon, LA, MD, & D.C. |
| Lewis S. Kahn, LA | | Sarah Catherine Boone, MT |
| Kim E. Miller, NY & CA | | Melissa Ryan Clark, NY |
| Albert M. Myers, NY & GA | | Michael A. McGuane, NY |
| Kevin L. Oufnac, LA & SC | | George S. Mentz, LA |
| Michael A. Swick, NY | | |

November 12, 2009

<u>*Via Electronic Mail*</u>

Linda Boyle, Esq.
**BRACEWELL & GIULIANI LLP**
711 Louisiana Street, Ste. 2300
Houston, TX 77002

Re:   *In re Superior Offshore Int'l, Inc. Sec. Litig.*
       Case No. 08-cv-00697 (NFA)

Dear Linda:

Thank you for your letter of November 9, 2009. The Individual Defendants appear to claim a broad swath of attorney-client privilege based on a putative "common interest" that they share with Superior Offshore Int'l., Inc. ("Superior"). We write, however, to reassert that absolutely no privilege exists in this case and request that the Individual Defendants serve all documents listed on the privilege log by November 18, 2009.

The burden is on the party asserting the privilege to demonstrate how each document satisfies all the elements of the privilege.[1]  *In re Santa Fe Int'l Corp*, 272 F.3d 705, 710 (5th Cir. 2001); *Teleglobe Communs. Corp. v. BCE, Inc.*, 493 F.3d 345, 366 n.22 (3d Cir. 2007). Defendants must proffer "preliminary facts" showing eligibility for protection. *Santa Fe*, 272 F.3d at 710, n.7. Furthermore, the Fifth Circuit has recognized that only the following is eligible for protection under the common interest umbrella: (a) communications between co-defendants in actual litigation and their counsel and (b) communications between potential co-defendants and their counsel. *Santa Fe*, 272 F.3d at 710 (citing cases).

---

[1]   To claim the common interest privilege, Defendants must have "similar legal interests to share information without having to disclose it to others." *Teleglobe*, 493 F.3d 345, 364 (3d Cir. 2007). "[T]he privilege should not be used as a *post hoc* justification for a client's impermissible disclosures." *Id.*, at 365. The common interest privilege applies only to information shared between attorneys to "coordinate legal strategies." *Id.* Plaintiffs are thus at a loss to understand how Superior and the Individual Defendants have a common legal interest in this case; the action against Superior has been stayed and, even more, certain of the Individual Defendants filed adversary proceedings in the Bankruptcy Court against Superior.

**Exhibit D**

Linda Boyle, Esq.
November 12, 2009
Page 2 of 2

---

  Eschewing substantive discussion for the moment, this issue can easily be disposed of given that the purported common interest privilege was not asserted until August 2, 2008 (the date that Superior's bankruptcy counsel sent the letter to Individual Defendants). No communications prior to this date are privileged. Indeed, the Fifth Circuit has expressly held that the privilege only applies to those "communications" made during the time period of the existence of the common interest. *Id.*, at 711. It is thus unclear to Plaintiffs on what "factual" basis the Individual Defendants can claim the common interest privilege as all documents on the privilege log pre-date August 2, 2008 (and in some instances by more than two years).[2]

  In light of our assessment of the Individual Defendants' claim of the common interest privilege, and finding the rationale to assert it baseless, Plaintiffs reassert their request for the production of all documents listed on the privilege log by November 18, 2009. Otherwise, Plaintiffs will have no choice but to address this matter with the Court.

              Very Truly Yours,

              *[signature]*
              Paul S. Balanon

cc: Sarah Catherine Boone, Esq.
   Michael Biles, Esq.
   Yusuf Bajwa, Esq.

---

[2] Even assuming *arguendo*, and taking an overly generous view that the Agreed Stipulation attached to your letter could constitute a common interest arrangement, that document was signed on June 2, 2008. Thus, no "communications" prior to that time period are subject to privilege.

**Exhibit D**