# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **In re SUPERIOR OFFSHORE** | ) | **CIVIL ACTION NO. 08-cv-00687** |
| **INTERNATIONAL, INC.** | ) | |
| **SECURITIES LITIGATION** | ) | **JUDGE NANCY F. ATLAS** |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

# TABLE OF CONTENTS

TABLE OF AUTHORITIES.................................................................IV

NATURE AND STAGE OF PROCEEDING .................................................. 1

   A.  Nature of Proceeding.............................................................. 1

   B.  Stage of the Proceedings .......................................................... 3

STATEMENT OF THE ISSUES ............................................................. 4

SUMMARY OF THE ARGUMENT ......................................................... 5

THE PROPOSED CLASS REPRESENTATIVES ........................................... 5

ARGUMENT................................................................................. 6

   A.  The Legal Standard................................................................ 6

      1.  Prerequisites for Class Certification .................................... 6

      2.  Rule 23(b)(3) Class Actions ............................................. 7

      3.  Class Certification Determination Is Not an In-Depth Merits Inquiry................ 8

      4.  Qualifications of Class Counsel.......................................... 9

   B.  The Class .......................................................................... 10

   C.  This Action Should Be Certified as a Class Action Pursuant to Rule 23 .............. 10

      1.  The Proposed Class Satisfies the Requirements of Rule 23(a) ......................... 10

         a.  The Class Is So Numerous that Joinder of All Members Is Impracticable..... 11

         b.  There Are Common Questions of Law or Fact................................. 11

         c.  The Proposed Class Representatives' Claims Are Typical............................ 13

         d.  The Proposed Class Representatives Will Adequately Protect the Interests of the Class ................................................... 14

      2.  This Action Satisfies Rule 23(b)(3)........................................ 16

         a.  Common Questions of Law or Fact Predominate........................... 16

b.   The Class Action Is Superior to Other Available Methods for the Fair and Efficient Adjudication of This Action ........................................................... 18

D.   KSF Should Be Appointed Class Counsel Pursuant to Rule 23(g) ....................... 22

CONCLUSION .................................................................................................... 23

STATEMENT OF COMPLIANCE WITH LOCAL RULES .......................................... 23

A.   Local Rule 7.1 ............................................................................................ 23

# TABLE OF AUTHORITIES

**Cases**

*Abrams v. Van Kampen Funds, Inc.*, 2002 U.S. Dist. LEXIS 16022 (N.D. Ill. Aug. 26, 2002) .............................................................................................19

*Alfus v. Pyramid Tech. Corp.,* 764 F. Supp. 598 (N.D. Cal. 1991) ...........................17

*Berger v. Compaq Computer Corp.*, 257 F.3d 475 (5th Cir. 2001) ..................4, 7, 14

*In re Computer Memories Sec. Litig.*, 111 F.R.D. 675 (N.D. Ca. 1986) ..................17

*In re Dynegy, Inc. Secs. Litig.*, 226 F.R.D. 263 (S.D. Tex. 2004)........................19, 20

*In re Elec. Data Sys. Corp. Secs. Litig.*, 226 F.R.D. 559 (E.D. Tex. 2005)..............10

*In re Enron Corp. Sec. Derivative & "ERISA" Litig.*, 529 F. Supp. 2d 644 (S.D. Tex. 2006) ............................................................................................10

*Feder v. Elec. Data Sys. Corp.*, 429 F.3d 125 (5th Cir. Tex. 2005)...........................4

*In re First Republicbank Sec. Litigation*, 1989 U.S. Dist. LEXIS 11139 (N.D. Tex. Aug. 1, 1989) ........................................................................................19

*Forbush v. J.C. Penney Co.*, 994 F.2d 1101 (5th Cir. 1993).....................................11

*Gibb v. Delta Drilling Co.*, 104 F.R.D. 59 (N.D. Tex. 1984) ...................................19

*Greenwald v. Integrated Energy, Inc.*, 102 F.R.D. 65 (S.D. Tex. 1984) .............11, 19

*Henry v. Cash Today, Inc.*, 199 F.R.D. 566 (S.D. Tex. 2000) .................11, 13, 16, 19

*Lightbourn v. County of El Paso*, 118 F.3d 421 (5th Cir. 1997)...........................7, 11

*Ligon v. Frito-Lay, Inc.*, 82 F.R.D. 42 (N.D. Tex. 1979)..........................................13

*Mitchell v. Johnston*, 701 F.2d 337 (5th Cir. Tex. 1983) ...........................................4

*Morris v. Wachovia Securities, Inc.*, 223 F.R.D. 284 (E.D. Va. 2004).....................17

*Mullen v. Treasure Chest Casino, L.L.C.*, 186 F.3d 620 (5th Cir. La. 1999) ...........13

*Ortiz v. Fibreboard Corp.*, 527 U.S. 815 (1999)..................................................7, 10

*Oscar Private Equity Invs. V. Allegiance Telecom, Inc.,* 487 F.3d 261 (5th Cir. Tex. 2007) ...............................................................................................8

*Oscar Private Equity Invs. v. Holland*, 2005 U.S. Dist. LEXIS 6525 (N.D. Tex. Apr. 15, 2005) ........................................................................................19

*In re Oxford Health Plans, Inc. Sec. Litig.*, 199 F.R.D. 119 (S.D.N.Y. 2001) ..........13

*Phillips Petroleum Co. v. Shutts,* 472 U.S. 797 (1985) ...............................19

*Phillips v. Joint Legislative Comm. on Performance & Expenditure Review*, 637 F.2d 1014 (5th Cir. 1981) ...................................................................13, 21

*In re Reliant Sec. Litig.*, 2005 U.S. Dist. LEXIS 9716 (S.D. Tex. Feb. 18, 2005) ......................................................5, 7, 8, 10, 12, 13, 14, 17, 18, 19, 21

*Rubenstein v. Collins*, 162 F.R.D. 534 (N.D. Tex. 1995) ...........................14

*In re Scientific-Atlanta, Inc. Secs. Litig.*, 571 F. Supp. 2d 1315 (N.D. Ga. 2007) .....17

*In re Select Comfort Corp. Sec. Litig.*, 202 F.R.D. 598 (D. Minn. 2001) .................19

*Stirman v. Exxon Corp.*, 280 F.3d 554 (5th Cir. 2002) .................................13

*Watson v. Shell Oil Co.*, 979 F.2d 1014 (5th Cir. 1992) ................................7

*Weeks v. Bareco Oil Co.*, 125 F.2d 84 (7th Cir. 1941) ................................20

*Weiss v. Tenney Corp.*, 47 F.R.D. 283 (S.D.N.Y. 1969) ..............................19

*Wilson v. Collecto, Inc.*, No. 03 C 4673, 2004 U.S. Dist. LEXIS 3074 (N.D. Ill. Feb. 24, 2004) ............................................................................12

*Zeidman v. J. Ray McDermott & Co.*, 651 F.2d 1030 (5th Cir. 1981) ......................11

**Statutes**

15 U.S.C. § 77k .......................................................................5, 10

**Rules**

Fed. R. Civ. P. 23...........................................................4, 5, 6, 7, 8, 9, 16

Fed. R. Civ. P. 23(a) ........................................................4, 6, 9, 10, 23

Fed. R. Civ. P. 23(a)(1) ...................................................................11, 13

Fed. R. Civ. P. 23(a)(2) ................................................................11, 12, 13

Fed. R. Civ. P. 23(a)(3) ..................................................................13, 14

Fed. R. Civ. P. 23(a)(4) ...................................................................14, 15, 16

Fed. R. Civ. P. 23(b)(3) ...................................... 4, 7, 8, 9, 16, 18, 21, 23

Fed. R. Civ. P. 23(b)(3)(A-D) ...............................................................8

Fed. R. Civ. P. 23(g) ...................................................................4, 9, 23

Fed. R. Civ. P. 23(g)(1)(A) ....................................................................22

Fed. R. Civ. P. 23(g)(1)(A)(i-iv) ...............................................................9

Fed. R. Civ. P. 23(g)(1)(B) ...............................................................9

Fed. R. Civ. P. 23(g)(2) ...............................................................9

Fed. R. Civ. P. 23(g)(4) ...............................................................9

Lead Plaintiff Charles Ognar and Plaintiffs Calvin Glance and James Britain (collectively, "Plaintiffs"), by their undersigned attorneys, respectfully submit this memorandum of law in support of the accompanying motion for class certification.

## NATURE AND STAGE OF PROCEEDING

A.    Nature of Proceeding

This is a class action brought on behalf of all persons or entities – excluding the Defendants[1], their officers and directors at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which the Defendants have or had a controlling interest – that purchased the common stock of Superior Offshore International, Inc. ("Superior" or the "Company") pursuant or traceable to Superior's Initial Public Offering ("IPO") Prospectus and Registration Statement (the "Prospectus") from April 20, 2007 through April 25, 2008, inclusive.

As alleged in the Consolidated Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint"), Defendants allowed the inclusion of numerous materially false and misleading statements or omissions in the Superior's IPO Prospectus. In the Prospectus, Defendants represented that Superior, an undersea construction and commercial diving services company, had a successful track record that allowed it to "develop a strong and loyal customer base" in the Gulf market. ¶40. Despite

---

[1] Defendants include the Company's Chairman of the Board Louis Schaefer, its President and CEO James Mermis, its CFO Roger Burks, its Senior Vice President and General Counsel Joshua Koch (collectively, the "Individual Defendants"), and the lead underwriters of the offering, Merrill Lynch, Pierce, Fenner & Smith Inc. and J.P. Morgan Securities Inc. (the "Underwriter Defendants"). This action is stayed with respect to the bankrupt Corporate Defendant Superior. In addition to Section 11, the Complaint also states a claim for Section 15 control person liability.

representing that Superior "intend[ed] to continue capitalizing on" "significant demand" in the Gulf of Mexico expected "for the next several years" by virtue of hurricane Katrina (¶46), in actuality, Gulf Work had *already* slowed by the time of the IPO and Defendants sought use the IPO funds to "transform" Superior and completely move away from Gulf work. ¶¶40-41, 50-52. However, Defendants failed to disclose in the Prospectus that the Company lacked the assets, experience, and financial liquidity to make this transition. ¶¶53-67.

The Complaint further provides that the IPO Prospectus contained materially untrue and misleading statements and omissions concerning the experience and qualification of Superior's management, including past employment with failed deepwater venture Torch Offshore, (¶¶28, 31-32) and also failed to disclose a number of interested transactions with friends, family members, and competitors (¶¶68, 70, 72-73). In addition, the Complaint alleges that Defendants represented that Superior had experienced revenue growth, was focused on improving its internal controls and financial systems, and complied with GAAP (¶¶83-84, ¶94), when, undisclosed to the public, the Company's internal controls were grossly inadequate or non-existent. ¶80.

Four months after the IPO, Defendants began to acknowledge the true character of Superior's plan to "transform" the Company. On August 14, 2007, the Company announced its second quarter and year-to-date earnings for the first six months of 2007, including a loss of $4.6 million for the first six months of the year (compared to income of $24 million for the same period of the previous year). This period began *more than four months* prior to the IPO, and the losses were a direct result of the conditions present

2

at the time of the IPO. In addition, the Company disclosed in November of 2007 Defendant Schaefer's sudden retirement (¶117), announced in December of 2007 that it would be forced to sell the *Achiever* (the Company's recently commissioned deepwater vessel) even though it had not yet been delivered to the Company (¶120), announced Defendant Mermis's unscheduled resignation in January of 2008, and in April of 2008, just one year following the IPO, announced its inability to timely file financial results, changes in senior management, extremely limited liquidity, and eventual bankruptcy (¶¶124-136). Through this series of disclosures, Superior stock lost 99% of its IPO price of $15 just a year prior. ¶136.

### B.  Stage of the Proceedings

Beginning in late February 2008, several lawsuits were filed in Texas and Louisiana alleging violations of the securities laws by Defendants. Thereafter, the related Louisiana action was transferred to the United States District Court for the Southern District of Texas by the Honorable Jay C. Zainey, United States District Judge for the Eastern District of Louisiana. On May 20, 2008, the Court appointed Charles Ognar as Lead Plaintiff and approved Kahn Swick & Foti, LLC[2] ("KSF") as Lead Counsel pursuant to §21D(a)(3)(B) of the Securities Act. Lead Plaintiff, together with additional Plaintiffs Calvin Glance and James Britain, filed the Complaint on July 21, 2008, which Defendants moved to dismiss on September 25, 2008.

By Order dated January 12, 2009, this Court denied Defendants' motions to

---

[2] On May 20, 2008, this Court approved Plaintiffs' selection of Kahn Gauthier Swick, LLC as lead counsel. In March 2009, Kahn Gauthier Swick, LLC changed its name to KSF.

dismiss and opened the door for commencement of discovery. To date, 1,199,856 pages of documents have been produced, two depositions have been taken, and twelve additional depositions are anticipated over the next two months.

On August 13, 2009, the Court entered an Amended Docket Control Order providing for a fact discovery cut off of May 6 2010, a dispositive motion deadline of September 13, 2010, and trial on February 14, 2011. *See* Dkt. No. 151.

## STATEMENT OF THE ISSUES

1.      Whether this action should be certified as a class action pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 23(a) and Fed. R. Civ. P. 23(b)(3). A class certification decision is reviewed for "abuse of discretion." *Feder v. Elec. Data Sys. Corp.*, 429 F.3d 125, 129 (5th Cir. Tex. 2005), *citing Berger v. Compaq Computer Corp.*, 257 F.3d 475, 478 (5th Cir. 2001). Whether the district court applied the correct legal standard on class certification, however, is reviewed *de novo*. *Id.*

2.      Whether Plaintiffs Charles Ognar, Calvin Glance, and James Britain should be appointed Class Representatives in the certified class action pursuant to Fed. R. Civ. P. 23(a). Appointment of class representatives, as part of the class certification process, is reviewed under the same standard. *See, e.g.*, *Mitchell v. Johnston*, 701 F.2d 337, 344 (5th Cir. Tex. 1983) (reviewing appointment of class representative in the context of class certification, and noting that the standard of review is abuse of discretion).

3.      Whether Lead Counsel KSF should be appointed as Class Counsel pursuant to Fed. R. Civ. P. 23(g). The standard of review for appointment of class counsel is the same as the standard for class certification.

## SUMMARY OF THE ARGUMENT

This action satisfies all the requirements of Fed. R. Civ. P. 23. The proposed Class is so numerous that joinder of all members is impracticable; there are questions of fact or law common to the Class which predominate over any questions affecting only individual members; the claims or defenses of the representative parties are typical of the claims or defenses of the Class; the representative parties will fairly and adequately protect the interests of the Class; common issues of law and fact predominate; and a class action is the superior means to resolve the issues raised by this case. Furthermore, the proposed Class Representatives and Class Counsel will fairly and adequately represent the interests of the proposed Class. Accordingly, Plaintiffs' motion for class certification and appointment of Class Representatives and Class Counsel should be granted.

## THE PROPOSED CLASS REPRESENTATIVES

During the Class Period, proposed Class Representatives Charles Ognar, Calvin Glance, and James Britain purchased 164,597 shares, 7,000 shares, and 15,230 shares, respectively, of Superior common stock traceable to the IPO and, therefore, have standing to pursue their claims under the Securities Act. *See In re Reliant Sec. Litig.*, 2005 U.S. Dist. LEXIS 9716, *33 (S.D. Tex. Feb. 18, 2005) (recognizing that "standing to pursue a Section 11 claim is based on 'acquiring such security' that is traceable to a challenged registration statement") (quoting 15 U.S.C. § 77k); Certification of Charles Ongar, Dkt. No. 44; Certifications of Calvin Glance and James Britain, Dkt. No. 71-1. Plaintiffs have already expended substantial time and effort vigorously prosecuting this litigation on behalf of the proposed Class. They have ably represented the Class by

overseeing and communicating with appointed Lead Counsel and keeping apprised of the ongoing developments in the case. Under Plaintiffs' watch, Lead Counsel have conducted an extensive investigation into Defendants' materially misleading and/or untrue misstatements and omissions and successfully defended against motions to dismiss filed by Defendants.

Plaintiffs have also embarked on an ambitious discovery plan, propounding document requests and interrogatories to Defendants and issuing numerous notices of depositions. Depositions commenced in January, and Plaintiffs have also issued twelve third-party document subpoenas. Plaintiffs have actively monitored and participated in this process, including four rounds of responses to interrogatories from Defendants, requiring not only responses to specific questions but also production of documents. Plaintiffs are ready and willing to perform the duties of Class Representatives in this case, including but not limited to being deposed and testifying at trial if necessary.

## ARGUMENT

### A.    The Legal Standard

Class certification is governed by Fed. R. Civ. P. 23. In order to qualify for class certification, an action must meet all the prerequisites of Fed. R. Civ. P. 23(a) and fit at least one of the case types of Fed. R. Civ. P. 23(b). Appointment of Class Counsel is governed by subsection (g) of Fed. R. Civ. P. 23.

#### 1.  Prerequisites for Class Certification

Fed. R. Civ. P. 23(a) sets forth four prerequisites for class certification:

(1)  The Class is so numerous that joinder of all members is impracticable;

> (2)  There are questions of law or fact common to the Class;
> (3)  The claims or defenses of the representative parties are typical of the claims or defenses of the Class; and
> (4)  The representative parties will fairly and adequately protect the interests of the Class.

These four requirements are commonly referred to as the "numerosity," "commonality," "typicality," and "adequacy" requirements. *See Ortiz v. Fibreboard Corp.*, 527 U.S. 815 (1999). The numerosity requirement is satisfied when a potential Class is so numerous that joinder of all members is impracticable. *Watson v. Shell Oil Co.*, 979 F.2d 1014, 1022 (5th Cir. 1992). Commonality is satisfied "when there is at least one issue, the resolution of which will affect all or a significant number of the putative class members." *Lightbourn v. County of El Paso*, 118 F.3d 421, 426 (5th Cir. 1997). "'Typicality exists when the claims of named and unnamed plaintiffs have a common source and rest upon the same legal and remedial theories.'" *Reliant*, 2005 U.S. Dist. LEXIS 9716, at *22. Adequacy requires that: the chosen class representatives cannot have antagonistic or conflicting claims with other members of the class; the named representatives must have sufficient interest in the outcome to ensure vigorous advocacy; and designated counsel must be competent, experienced, qualified, and generally able to conduct the proposed litigation vigorously. *Berger*, 257 F.3d at 479-80.

## 2.  Rule 23(b)(3) Class Actions

Before any action may be certified as a class action, the court must find that the action meets one of three case profiles delineated at Fed. R. Civ. P. 23(b). In this action, Plaintiffs are seeking certification under Fed. R. Civ. P. 23(b)(3), requiring that "the questions of law or fact common to class member predominate over any questions

affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

Regarding predominance, Fed. R. Civ. P. 23(b)(3) does not require each issue in the case to be similar for all class members; only that "issues [which] are common to all members of the proposed class and predominate over any individual issues that have been plausibly shown to be present." *Reliant*, 2005 U.S. Dist. LEXIS 9716, at *36. The matters pertinent to the findings of predominance and superiority include: "(A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action." Fed. R. Civ. P. 23(b)(3)(A-D).

### 3.   Class Certification Determination Is Not an In-Depth Merits Inquiry

The determination of class certification is a procedural question defined by Fed. R. Civ. P. 23. It does not require a detailed inquiry into the merits of the case independent from the requirements of Fed. R. Civ. P. 23. *Oscar Private Equity Invs. V. Allegiance Telecom, Inc.,* 487 F.3d 261, 268 fn 26 (5th Cir. Tex. 2007) ("It is appropriate to conduct controlled discovery into the 'merits,' ***limited to those aspects relevant to making the certification decision on an informed basis***." *Citing* Advisory Committee Notes to the 2003 Amendments to the Federal Rules of Civil Procedure.) A district court simply gives "full an independent weight to each Rule 23 requirement, regardless of whether that requirement overlaps with the merits." *Id* at 268.

8

This case meets all the elements of a certified class action. The putative Class consists of hundreds, if not thousands, of investors who acquired Superior's stock traceable to the IPO and who were allegedly damaged by the same materially misleading and/or untrue misstatements and omissions. The proposed Class Representatives are typical of the class and adequate to serve as Class Representatives. Common questions of law or fact predominate over individual questions, as there are not matters of individual proof which will be more significant in this case than the matters of class-wide proof, and a class action is the superior method of prosecution the claims set forth in the Complaint. As set forth herein therefore, class certification is appropriate because the proposed Class satisfies Fed. R. Civ. P. 23(a) and Fed. R. Civ. P. 23(b)(3).

### 4.  Qualifications of Class Counsel

Fed. R. Civ. P. 23(g) provides that in appointing class counsel, the Court must consider:

> (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class;

(Fed. R. Civ. P. 23(g)(1)(A)(i-iv)), and may consider any other matter "pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). Furthermore, when "one applicant seeks appointment as class counsel, the court may appoint that applicant only if the applicant is adequate under Fed. R. Civ. P. 23(g)(1) and (4)." Fed. R. Civ. P. 23(g)(2). Fed. R. Civ. P. 23(g)(4) provides that "[c]lass counsel must fairly and adequately represent the interests of the class." *See, e.g., In re*

*Elec. Data Sys. Corp. Secs. Litig.*, 226 F.R.D. 559, 571 (E.D. Tex. 2005); *In re Enron Corp. Sec. Derivative & "ERISA" Litig.*, 529 F. Supp. 2d 644, 674 (S.D. Tex. 2006).

**B.      The Class**

The Class is defined as all persons – excluding the Defendants, their officers and directors at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which the Defendants have or had a controlling interest – who purchased Superior common stock pursuant or traceable to the Company's IPO Prospectus. *See In re Reliant Sec. Litig.*, 2005 U.S. Dist. LEXIS 9716 at *33 (recognizing that "standing to pursue a Section 11 claim is based on 'acquiring such security' that is traceable to a challenged registration statement") (quoting 15 U.S.C. § 77k)

The Class Period ends on April 25, 2008, after the last of a series of partial disclosures uncovering the true facts and conditions which existed at the time of the IPO, and the day on which the Company announced it had filed for bankruptcy.

**C.      This Action Should Be Certified as a Class Action Pursuant to Rule 23**

**1.   The Proposed Class Satisfies the Requirements of Rule 23(a)**

As discussed above, Fed. R. Civ. P. 23(a) requires that any proposed class action meet four requirements, known as "numerosity," "commonality," "typicality," and "adequacy." *Ortiz*, 527 U.S. 815. The proposed Class satisfies all four prerequisites of Fed. R. Civ. P. 23(a).

### a. The Class Is So Numerous that Joinder of All Members Is Impracticable

As of November 2007, Superior had approximately 25,930,669 shares outstanding on the NASDAQ, a national stock exchange. ¶139. In the Fifth Circuit, "the prerequisite expressed in Fed. R. Civ. P. 23(a)(1) is generally assumed to have been met in class action suits involving nationally traded securities." *Zeidman v. J. Ray McDermott & Co.*, 651 F.2d 1030, 1039 (5th Cir. 1981). The Class consists of those who purchased Superior's publicly-traded securities traceable to the IPO. Because a reasonable estimate of the number of purported members satisfies the numerosity requirement, a precise enumeration is not required for certification. *Henry v. Cash Today, Inc.*, 199 F.R.D. 566, 569 (S.D. Tex. 2000). Here, the exact number of class members is presently unknown; based on the number of shares traded during the Class Period, Plaintiffs estimate there are thousands of class members nationwide. *See Greenwald v. Integrated Energy, Inc.*, 102 F.R.D. 65, 68 (S.D. Tex. 1984) ("Millions of... shares were traded, presumably to a great many investors during the class period. Clearly joinder of all plaintiffs would be impractical."). Accordingly, the proposed Class is sufficiently numerous to make joinder of all members impracticable.

### b. There Are Common Questions of Law or Fact

Under Fed. R. Civ. P. 23(a)(2), there must be questions of law or fact which are common to the Class. As courts have held, this "is not a high burden." *Henry* 199 F.R.D. at 569. Commonality is satisfied "when there is at least one issue, the resolution of which will affect all or a significant number of the putative class members." *Lightbourn*, 118

F.3d at 426; *accord Forbush v. J.C. Penney Co.*, 994 F.2d 1101, 1106 (5th Cir. 1993). However, "[t]he rule does not require perfect harmony throughout the class. 'The presence of some factual variations among class members' experiences will not defeat class certification." *Wilson v. Collecto, Inc.*, No. 03 C 4673, 2004 U.S. Dist. LEXIS 3074, at *7 (N.D. Ill. Feb. 24, 2004); *Reliant*, 2005 U.S. Dist. LEXIS 9716, at *20.

The instant Class satisfies the "commonality" requirement of Fed. R. Civ. P. 23(a)(2). Certification is appropriate here because the claims asserted are based on uniform misrepresentations and omissions that impacted investors similarly. Plaintiffs contend that common issues of fact and law exist with regard to the following issues: whether defendants violated the Securities Act; whether the Registration Statement contained materially untrue and misleading statements and omissions; and the extent and appropriate measure of damages.

This action involves a common nucleus of facts by virtue of the materially misleading and/or untrue misstatements and omission contained in a single commonly-applicable Registration Statement. Specifically, the Complaint identifies numerous subjects regarding which Defendants made materially untrue or misleading statements in the Prospectus or omitted to state material facts required to be stated in order to make the statements contained therein not misleading including: the qualifications and background of the Company's management; the Company's Gulf of Mexico work and growth prospects; the Company's plan and ability to expand into international and deep sea work; the Company's transactions with related parties; management's conflicts of interests; the Company's expenditures and operating expenses and internal controls; the

Company's Risk Factors; and the Company's compliance with Generally Accepted Accounting Principles ("GAAP"). ¶¶26-107. The claims of all members of the Class arise from a single alleged course of conduct and are all based on the same legal theories. Therefore, Plaintiffs submit that the commonality requirement is met.

### c.   The Proposed Class Representatives' Claims Are Typical

Unlike Fed. R. Civ. P. 23(a)(1) and Fed. R. Civ. P. 23(a)(2), which concern the nature of the proposed Class, Fed. R. Civ. P. 23(a)(3) concerns specifically the proposed class representatives. It requires class representatives to present claims that are typical of the Class. "The test for typicality, like the test for commonality, is not demanding." *Mullen v. Treasure Chest Casino, L.L.C.*, 186 F.3d 620 (5th Cir. La. 1999). "The court focuses on the legal and remedial theories of the named plaintiffs," *Henry*, 199 F.R.D. at 569, which must have a "common source and rest on the same legal and remedial theories" as the class members they seek to represent. *Reliant*, 2005 U.S. Dist. LEXIS 9716, at *22. But the typicality "requirement… does not mean that all claims must be identical." *Phillips v. Joint Legislative Comm. on Performance & Expenditure Review*, 637 F.2d 1014, 1024 (5th Cir. 1981); *accord Stirman v. Exxon Corp.*, 280 F.3d 554, 562 (5th Cir. 2002); *Ligon v. Frito-Lay, Inc.*, 82 F.R.D. 42, 47 (N.D. Tex. 1979) ("'A class representative and a class member must be similarly, not identically, situated.'"). "In fact, the named representatives only need to be adequate and do not need to be the best or most typical of all possible representatives." *In re Oxford Health Plans, Inc. Sec. Litig.*, 199 F.R.D. 119, 123 (S.D.N.Y. 2001).

Plaintiffs' claims are typical under Fed. R. Civ. P. 23(a)(3). As set forth in the

"commonality" section above, Plaintiffs seek to recover damages stemming from the same materially misleading and/or untrue misstatements and omissions in the Prospectus. Plaintiffs, like all other class members, suffered economic losses from their Class Period transactions in Superior's stock when the materially misleading statements and omissions were revealed. ¶¶108-136. Plaintiffs alleges that, just like the other members of the proposed Class, they purchased Superior securities at prices that were artificially inflated because Defendants issued materially misleading statements and/or omitted information necessary to make statements not misleading, in violation of the federal securities laws. Therefore, Plaintiffs' claims are typical "because they invested in [Superior] . . . just as the potential class members did." *Rubenstein v. Collins*, 162 F.R.D. 534, 538 (N.D. Tex. 1995). Plaintiffs' claims are typical under Fed. R. Civ. P. 23(a)(3) because they "have a common source and rest upon the same legal and remedial theories" as those of the Class. *Reliant*, 2005 U.S. Dist. LEXIS 9716, at *22. The evidence required to prove Plaintiffs' claims would establish the same violations by Defendants for every member of the Class. Nothing more is required to satisfy the typicality element of Fed. R. Civ. P. 23(a)(3).

### d.  The Proposed Class Representatives Will Adequately Protect the Interests of the Class

Fed. R. Civ. P. 23(a)(4) requires that class representatives "fairly and adequately protect the interests of the class." They must have no conflicts of interest with other members of the class, they must be sufficiently interested in the outcome to ensure vigorous advocacy, and their chosen counsel must be competent, experienced, qualified, and also able to conduct the litigation vigorously. *Berger*, 257 F.3d at 479-80.

Plaintiffs satisfy the "adequacy" requirements of Fed. R. Civ. P. 23(a)(4). First, there are no conflicts of interest between Plaintiffs and the other members of the Class. As set forth above, Plaintiffs, like the other class members, purchased shares of Superior's stock and were damaged as a result of Defendants' materially misleading and/or untrue misstatements and omissions. Plaintiffs will have to prove the same legal theory and standardized conduct as the absent class members to establish Defendants' liability. Thus, Plaintiffs have the incentive to prove every element of each cause of action which would be presented by the individual members of the Class were they to file individual actions. Further, there are no defenses unique to Plaintiffs.

With respect to the second adequacy prong, Plaintiffs have sufficient interest in the outcome to ensure vigorous advocacy. As set forth in his Motion for Appointment as Lead Plaintiff (Dkt. No. 36), Charles Ognar claims losses of approximately $766,344.54 in connection with his purchase of Superior stock during the Class Period. Plaintiff James Britain asserts losses of approximately $132,976.30, and Plaintiff Calvin Glance claims losses of approximately $53,080.30. Furthermore, as set forth above, Plaintiffs have already demonstrated their interest and vigor by actively prosecuting this case. In their capacity as Plaintiffs they have been monitoring and consulting with Lead Counsel in the prosecution of this case and actively participating in reviewing and responding to propounded discovery. Thus, Plaintiffs meet the second adequacy prong of Fed. R. Civ. P. 23(a)(4).

Finally, Plaintiffs are also adequate because they have retained attorneys with considerable experience in securities class actions and complex litigation who will fairly

and adequately represent the Class. As discussed below at Section D, Lead Counsel and proposed Class Counsel is competent, experienced, qualified, and capable of prosecuting this litigation on behalf of the Class. Plaintiffs have no conflicts of interest with the Class, are deeply invested in the outcome of this litigation, and have retained highly qualified counsel. Accordingly, Plaintiffs are adequate Class Representatives under Fed. R. Civ. P. 23(a)(4).

### 2. This Action Satisfies Rule 23(b)(3)

Plaintiffs seek certification under Fed. R. Civ. P. 23(b)(3), which states that an action may be maintained as a class action if:

> [T]he court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

The issues to consider under Fed. R. Civ. P. 23(b)(3) are predominance and superiority. *See Henry*, 199 F.R.D. at 570. These requirements are also satisfied.

### a. Common Questions of Law or Fact Predominate

Predominance, in the context of Fed. R. Civ. P. 23, means that those issues or defenses claimed on behalf of the Class are to be superior to and unencumbered by any individual claims or issues that may affect the lawsuit. Fed. R. Civ. P. 23 does not require each issue in the case to be similar for all class members; only that "issues [which] are

common to all members of the proposed class and predominate over any individual issues that have been plausibly shown to be present." *Reliant*, 2005 U.S. Dist. LEXIS 9716, at *36.

Because the commonality and typicality requirements are met, common issues predominate in this action. All asserted claims arise from the same materially misleading and/or untrue misstatements and omissions. Violations of Section 11 are based on alleged misrepresentations or omissions in a registration statement. For this reason, proof generally does not vary among class members; the source of the misrepresentations or omissions is uniform for all. That is, because the Class was subjected to the same alleged misstatements and omissions, common questions predominate and a class action is appropriate. "Given that Section 11 claims are premised on a material misstatement or omission in a registration statement, the commonality requirement is easily met." *Reliant*, 2005 U.S. Dist. LEXIS 9716, at *20-21, citing *In re Computer Memories Sec. Litig.*, 111 F.R.D. 675, 687 (N.D. Ca. 1986).

Plaintiffs proffer that there are no significant – let alone predominant – individual issues in this case. Indeed, it is difficult to discern any liability issues not common to members of the Class. Moreover, issues related to differences in the amount of damages, the size or manner of purchase, the nature of the purchaser and the date of purchase are insufficient to defeat class certification. *See Alfus v. Pyramid Tech. Corp.,* 764 F. Supp. 598, 606 (N.D. Cal. 1991); *In re Scientific-Atlanta, Inc. Secs. Litig.*, 571 F. Supp. 2d 1315, 1342 (N.D. Ga. 2007); *Morris v. Wachovia Securities, Inc.*, 223 F.R.D. 284, 299 (E.D. Va. 2004) (noting that "differences in damages among the potential class members

do not generally defeat predominance if liability is common to the class"). Where, as here, members of the Class are subject to the same alleged misrepresentations and omissions, and where, as here, it is alleged that Defendants' misrepresentations were contained in a single Prospectus, common questions predominate and class certification is appropriate. *See Reliant*, 2005 U.S. Dist. LEXIS 9716, at *20-21 (noting that "the major issues in this case, as in most Section 11 cases, include whether material misrepresentations and/or omissions were made in the registration statement, whether the market price for Reliant Resources's stock was artificially inflated, and whether Defendants are liable for violations of Section 11 and Section 15. As those issues are common to all members of the proposed class and predominate over any individual issues that have been plausibly shown to be present, the predominance requirement in Rule 23(b) (3) is met."). Plaintiffs have satisfied Fed. R. Civ. P. 23(b)(3).

### b. The Class Action Is Superior to Other Available Methods for the Fair and Efficient Adjudication of This Action

The class action device is a superior method for resolving the claims in this action because it provides the fairest and most efficient adjudication. Simply stated, securities class actions are both cost effective and manageable. Indeed, in the absence of a class-wide adjudication of certain securities claims, the claims would never be heard. *Reliant*, 2005 U.S. Dist. LEXIS 9716, at *37. Courts have long recognized that the class action is not only a superior method, but also may be the only feasible method, to fairly and efficiently adjudicate a controversy involving a large number of purchasers of securities injured by violations of the securities law. *See, e.g., Phillips Petroleum Co. v. Shutts,* 472

U.S. 797, 809 (1985) ([M]ost [class action] plaintiffs would have no realistic day in court if a class action were not available."); *Oscar Private Equity Invs. v. Holland*, 2005 U.S. Dist. LEXIS 6525, at *22 (N.D. Tex. Apr. 15, 2005) ("The Court is of the opinion that a class action is a superior method of adjudicating . . . " securities cases.); *Abrams v. Van Kampen Funds, Inc.*, 2002 U.S. Dist. LEXIS 16022 (N.D. Ill. Aug. 26, 2002) ("securities cases often are particularly well-suited for class action procedures"). In fact, courts in the Fifth Circuit routinely certify securities cases for class action treatment. *See, e.g., Reliant*, 2005 U.S. Dist. LEXIS 9716 (certifying plaintiffs' class alleging Securities Act claims); *In re Dynegy, Inc. Secs. Litig.*, 226 F.R.D. 263 (S.D. Tex. 2004) (certifying plaintiffs' classes alleging both Securities Act and Exchange Act claims); *In re First Republicbank Sec. Litigation*, 1989 U.S. Dist. LEXIS 11139 (N.D. Tex. Aug. 1, 1989) (certifying plaintiffs' classes alleging both Securities Act and Exchange Act claims); *Gibb v. Delta Drilling Co.*, 104 F.R.D. 59 (N.D. Tex. 1984) (certifying plaintiffs' class alleging Securities Act claims); *Greenwald*, 102 F.R.D. 65 (certifying plaintiffs' classes alleging both Securities Act and Exchange Act claims).

Here, members of the Class have no substantial interest in individually controlling the prosecution of separate actions. Indeed, class representation is the only way to afford relief to those plaintiffs whose claims are too small to permit them to bring individual suits. *Henry*, 199 F.R.D. at 573; *see also In re Select Comfort Corp. Sec. Litig.*, 202 F.R.D. 598, 611 (D. Minn. 2001) ("In cases of this nature, the claims of individual investors are often too small to warrant separate lawsuits"); *Weiss v. Tenney Corp.*, 47 F.R.D. 283, 291 (S.D.N.Y. 1969) ("class action must be deemed the only practical

method of litigating … when the complex nature of the litigation and the comparatively small individual financial interests are considered."). That thousands of plaintiffs lost a considerable amount of money in connection with the materially untrue and misleading statements and omissions alleged is perfectly consistent with the fact that many more class members sustained losses not substantial enough to justify independently prosecuting their claims. Thus, to deny class certification would be to "clos[e] the door of justice to all small claimants." *Weeks v. Bareco Oil Co.*, 125 F.2d 84, 90 (7th Cir. 1941). Courts in the Fifth Circuit recognize the efficacy of the class action device for redressing injury to large groups of individuals harmed by a common set of operative facts. Class action is often "the only way to afford relief to those plaintiffs whose claims are too small to permit them to bring individual suits." *Dynegy*, 226 F.R.D. at 282.

Moreover, "the class action device provides judicial efficiency by permitting common claims and issues to be tried just once." *Id*. The number of prospective class members here is far too numerous, and the underlying factual and legal issues far too similar, to rationally argue that plaintiffs' claims ought to be heard independently of one another, or that they would receive consistent treatment if they were.

The alternative to certifying the Class would be to unleash hundreds, if not thousands, of individual actions into the judicial system, which could result in varying adjudications of liability, or risk that many if not most Class members would be unable to seek redress because they could not afford to proceed on an individual basis. The cost and expense of such individual actions, when weighed against the individual recoveries obtainable, would be prohibitive. The resolution of common issues alleged in this class

20

action is an efficient use of judicial resources and will result in a single outcome that is binding on all defendants and class members. Because of the prohibitive expenses of maintaining individual actions, denial of class certification here would effectively prevent numerous individuals from asserting their claims against defendants and weaken the protections provided to investors under the federal securities laws. *See, e.g., Phillips Petroleum*, 472 U.S. at 809 (class action mechanism allows plaintiffs to pool claims that would otherwise be uneconomical to litigate individually). Simply put, "Rule 23 was designed for this exact type of case." *Reliant*, 2005 U.S. Dist. LEXIS 9716, at *20. The proposed Class therefore satisfies the requirements of Fed. R. Civ. P. 23(b)(3).

Furthermore, all actions concerning the allegations of the Complaint were consolidated in the instant action. Dkt. No. 8, Order Granting Motion to Consolidate Cases. There is therefore no other class action litigation already commenced by members of the Class concerning the controversy and allegations in this case.

There is also no dispute that it is desirable that the litigation of the claims in this action be concentrated in this forum. Indeed, one of the actions subsequently consolidated into the instant action was transferred to this Court from the Eastern District of Louisiana because "the convenience of the parties and witnesses and the interests of justice are all served by transferring this action to Texas: Superior [Offshore] ha[d] its corporate headquarters and principal place of business in Texas; [a]ll but two of the Individual Defendants are Texas residents; [m]ost, if not all, of the material witnesses are located in Texas; [m]ost, if not all, of the documentary evidence is located in Texas…" Defendants' Motion to Transfer Venue Under 28 U.S.C. § 1404(a) at 1-2, Bechtel v. Superior

21

Offshore International, Inc. et al., (E.D. La. 2008) (2:08-cv-01157-JCZ-KWR, Dkt, No. 4). It is therefore appropriate that the litigation of the claims in this action be concentrated in this forum.

Finally, any administrative difficulties in handling potential individual issues that may arise in this litigation are less burdensome than the problems which are likely to arise in administering hundreds of separate actions. A class action is therefore clearly the superior method of adjudicating the claims in question.

**D.    KSF Should Be Appointed Class Counsel Pursuant to Rule 23(g)**

Fed. R. Civ. P. 23(g)(1)(A) states that "a court that certifies a class must appoint class counsel." The proposed Class is represented by KSF, which has been appointed as Lead or Co-Lead Counsel in more than 15 securities class actions nationwide in the past few years, and which has achieved successful results for its clients. The firm and its attorneys have extensive experience in successfully prosecuting such actions and have achieved significant results for their clients and for certified investor classes, as demonstrated by the firm's resumes attached to the Declaration of Kim E. Miller in Support of Plaintiffs' Motion for Class Certification at Ex. 1. The firm diligently identified and investigated the claims in this action from the inception of the litigation, successfully defeated a vigorously contested motion to dismiss, and are now engaged in an extensive discovery process involving the review of more than a million pages of produced documents, depositions of key individuals with information regarding the allegations in the Complaint, and coordination with consultants and potential experts in preparation for trial. The attorneys at KSF are knowledgeable about the applicable law, as

evidenced by their extensive experience and success in litigating securities class actions other complex litigation. KSF has also committed substantial, as yet unremunerated, resources in time and expenses to representing the Class, and are devoted to continuing to do so. Proposed Class Counsel therefore satisfies the requirements of Fed. R. Civ. P. 23(g) and should be appointed as Class Counsel.

**CONCLUSION**

For the reasons set forth herein, an Order should be entered: (i) certifying this action as a class action pursuant to Fed. R. Civ. P. 23(a) and Fed. R. Civ. P. 23(b)(3); (ii) appointing Plaintiffs as Class Representatives; and (iii) appointing lead counsel KSF as Class Counsel pursuant to Fed. R. Civ. P. 23(g).

**STATEMENT OF COMPLIANCE WITH LOCAL RULES**

**A.  Local Rule 7.1**

The parties to this case held a meet-and-confer during which it was determined that Plaintiffs' Motion for Class Certification would be opposed and agreement as to its disposition could not be reached.

Respectfully submitted,

Dated: February 8, 2010

_____/s/ Kim E. Miller_____
Kim E. Miller, *pro hac vice*
Melissa R. Clark, *pro hac vice*
KAHN SWICK & FOTI, LLC
500 5th Avenue, Suite 1810
New York, NY 10110
Telephone: 212-696-3730
Facsimile: 504-455-1498

Lewis Kahn, *pro hac vice*
Paul S. Balanon, *pro hac vice*

Sarah Cate Boone, *pro hac vice*
KAHN SWICK & FOTI, LLC
650 Poydras Street - Suite 2150
New Orleans, LA 70130
Telephone: (504) 455-1400
Facsimile: (504) 455-1498

*Lead Counsel for Lead Plaintiffs and
the Class*


Art Sadin (Texas Bar No. 17508450)
THE SADIN FIRM
121 Magnolia, Suite 102
Friendswood, Texas 77546
Telephone: (281) 648-7711
Facsimile: (281) 648-7799
asadin@sadinlawfirm.com

*Local Counsel for Lead Plaintiff and
the Class*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the Memorandum of Law in Support of Plaintiffs' Motion for Class Certification was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent via U.S. Mail to those indicated as non-registered participants on February 8, 2010.

/s/ Kim E. Miller
Kim E. Miller