UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re SUPERIOR OFFSHORE INTERNATIONAL, INC. SECURITIES LITIGATION | CIVIL ACTION NO. 08-cv-00687<br><br>JUDGE NANCY F. ATLAS |

**LEAD PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' SURREPLY IN OPPOSITION TO LEAD PLAINTIFF'S MOTION FOR<br>CLASS CERTIFICATION**

Plaintiff moves to strike Defendants' surreply filed in violation of the Court's August 13, 2009 Amended Docket Control Order ("Control Order") (Dkt. 151). Defendants' improper surreply is nothing more than a last-ditch effort to hit reset on their briefing of the opposition to Plaintiff's motion for class certification in order to circumvent the Local Rules and this Court's Control Order setting forth the briefing schedule for the motion for class certification. The Control Order does not provide for the filing of a surreply. Though Defendants purport to respond to "new" arguments regarding putative class members' knowledge and Lead Plaintiff's adequacy, there are absolutely no new arguments on these or any other issues in Plaintiff's reply. Defendants even go as far as to seek to distinguish *for the very first time* in their surreply authority cited by Lead Plaintiff in his opening motion.[1] As demonstrated below, Plaintiff's reply was in direct response to Defendants' opposition to the motion for class certification and did not go beyond the scope of the arguments raised in the preceding briefing.

---

[1] *See, e.g.,* Defendants' Surreply ("Def. Surreply") at 4, n. 1 (discussing *In re Dynegy, Inc. Sec. Litig.*, 226 F.R.D. 263, 283 (S.D. Tex. 2005); *id.* (discussing *In re Reliant Sec. Litig.*, 2005 U.S. Dist. LEXIS 9716, at *24 (S.D. Tex. Feb. 18, 2005).

1

Defendants' surreply is nothing more than a transparent attempt to reiterate and supplement their opposition arguments in the final statement to the Court contrary to the briefing mandated by Plaintiff's burden of proof on the issue of class certification. *Reyes v. Texas Ezpawn, L.P.*, No. 03-cv-128, 2007 WL 3143315, *2 (S.D. Tex. Oct. 24, 2007) ("fairness requires that the party with the burden of proof should have the first and last opportunity to persuade") (quotation omitted). As a result, and because Defendants' surreply violates the Court's Control Order, the Local Rules of this Court, and the Federal Rules of Civil Procedure, Lead Plaintiff respectfully requests that the Court strike it from the record.

In the alternative, should this Court find that consideration of Defendants' surreply is proper, Plaintiff respectfully requests leave to file a sur-surreply.

**I.    Defendants' Surreply Violates the Court's Control Order, the Local Rules of this Court, and the Federal Rules of Civil Procedure and Should be Stricken**

Defendants filed their surreply without seeking or obtaining leave of court. As recently noted in this District, "[n]either the local rules of this Court nor the Federal Rules of Civil Procedure allow a party to file a surreply as a matter of right." *Mize v. Quarterman*, No. 07-cv-3507, 2010 WL 644844, at *5, (S.D. Tex. Feb. 18, 2010). On this basis alone, Defendants' surreply should be stricken from the record. *Id.* ("Accordingly, the surreply (Docket Entry No. 71) is **STRICKEN FROM THE RECORD** as filed without leave of Court.") (emphasis in original). *See also Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 145 (5th Cir. 2009) ("Nor did Appellants obtain leave of court to file the 'Sur-Reply' itself, so it was also deemed deficient by the clerk.").

In addition, Defendants filed their surreply in violation of the Court's Control Order establishing the full briefing schedule for this motion and all deadlines in this case. At the discovery conference held on November 23, 2009, the Court clearly informed the parties that the Court's deadlines were firm and would not be extended:

> ***So this case is going to be on a schedule. And I don't care how hard you have to work*** . . . . When is the close of discovery? That's what I want to know and when the motion date is. ***Because those dates are not moving in this case.*** I already stretched it for you. Don't file motions. Okay? And if by some stretch I should grant one by mistake, because, you know, I've got other cases, I'm telling you as soon as I figure it out, I'm going back to the original date. ***So this is a threat. All right? It's said with a smile, but I'm not kidding. I'm really not.***

Tr. pg. 19-21 (emphasis added).[2] With regard to Plaintiff's motion for class certification, the Court's Control Order directed that "**PLAINTIFFS' MOTION FOR CLASS CERTIFICATION MOTION** will be filed by: February 14, 2011. *Any opposition to such a motion(s) shall be filed by* March 30, 2010*, and any replies thereto shall be filed by* April 25, 2010." *Id.* at 2 (emphasis in original). The Control Order concludes briefing on April 25, 2010 with the filing on Plaintiff's reply in support of class certification and does *not* provide for the filing of a surreply. Thus, Defendants filed their surreply in violation of the briefing schedule mandated in the Court's Control Order. Defendants' surreply is improper and should be stricken.

## II. Lead Plaintiff's Reply Does Not Raise Any New Arguments Outside the Scope of Defendants' Opposition to the Motion for Class Certification

Notwithstanding Defendants' bald assertion that Plaintiff's reply contains new arguments regarding putative class members' knowledge (*see* Def. Surreply at 1), Lead

---

[2] In spite of the Court's discovery conference directives, Defendants failed to seek leave of the Court prior to filing their surreply.

3

Plaintiff's reply does not raise new arguments outside the scope of the opposition to the motion for class certification and, as a result, Defendants' surreply should be stricken from the record. *See Williams v. Aviall Services Inc.*, 76 Fed. App'x 534, 535 (affirming denial of leave to file where "the proposed surreply included no new arguments or evidence" and movant's response "had already presented everything contained in his surreply."). This contention is nothing more than pretext for Defendants' improper attempt to resuscitate their anemic opposition after having the opportunity to view Plaintiff's reply and after having additional time to respond.[3] Unfortunately for Defendants, their approach of rehashing, supplementing, and distinguishing arguments after the close of briefing violates the governing burden proof and displays a blatant disregard for the plain meaning of this Court's Control Order as well as for the efficient expenditure of its resources. *See Beaulieu v. EQ Indus. Services Inc.*, 2008 WL 3895720, *3 (E.D.N.C. Aug. 22, 2008) ("As the parties with the burden of proof on the certification motion, plaintiffs should have the privilege of making the last submission on the motion.").

### A. Plaintiff's Reply Does Not Raise New Arguments Concerning Lead Plaintiff Ognar

Defendants' assertion that the reply in support of class certification raises new

---

[3] Interestingly, Defendants' surreply was filed by the law firm of Mayer Brown LLP rather than Greenberg Traurig LLP, which filed the original opposition to Plaintiffs' motion for class certification on behalf of Defendants. This Court's Procedures ("Ct. Proc.") make clear that "[t]he Court will rule on motions as soon as possible after the submission day or a response is filed" and that "[b]ecause most motions will be ruled on without an oral hearing, focused, clear motion papers are very important." Ct. Proc. 6(a)(6), (b)(1). The filing of Defendants' surreply under these circumstances suggests that one firm is dissatisfied with the others' work.

arguments regarding Lead Plaintiff Ognar that are outside the scope of the preceding briefing is belied by the contents of Defendants' improper surreply.[4] In fact, Defendants' rehashed attacks on Lead Plaintiff are the *very same* arguments highlighted in the *headings* of Defendants' opposition to the motion for class certification. *Compare* Def. Surreply at 8 ("Ognar's understanding of Superior's Prospectus is 'contrary to the position' taken in key portions of the Complaint") *with* Def. Opp. at 35 ("1. Ognar is inadequate because he contradicts many of the allegations that form the basis of this lawsuit.") (bold emphasis removed) *and* Def. Surreply at 9 ("Ognar also has not sufficiently 'oversee[n] his counsel' (Reply Br. 36), let alone 'direct[ed]' or 'control[led]' them.") *with* ("Def. Opp. at 37 ("3. Ognar is not adequately supervising this litigation.") (bold emphasis removed). Defendants' *only* remaining surreply arguments regarding Lead Plaintiff's adequacy relate directly to the standards governing class certification (Def. Surreply at 7-8). Defendants' contention that Plaintiff's arguments concerning these standards are beyond the scope of the prior briefing is simply beyond the pale. Defendants' surreply should be stricken.[5]

### B. Plaintiff's Reply Does Not Raise New Arguments Concerning Putative Class Members' Purported Widespread Knowledge

---

[4] Defendants' protestations that Plaintiff's reply contains new arguments regarding Lead Plaintiff Ognar's deposition testimony is particularly puzzling given that Defendants were in possession of Lead Plaintiff's deposition prior to filing their opposition and submitted a DVD copy of Lead Plaintiff's entire deposition in connection therewith. *See* Def. Opp. at 3, n.6.

[5] As demonstrated in Plaintiff's previously filed reply, Lead Plaintiff Ognar is knowledgeable of this action (Reply at 30-33), has vigorously represented the interest of the Class (*id.* at 33-36), and has diligently overseen his counsel (*id.* at 36-40).

Similarly, Defendants wrongly assert that Lead Plaintiff's reply raises new arguments concerning putative class members' widespread knowledge. Def. Surreply at 1. Here again, however, Defendants simply rehash the very same arguments highlighted in the headings of their opposition to class certification. *Compare* Def. Surreply at 1 ("II. Putative Class Members' Widespread Knowledge Precludes Certification") *with* Def. Opp. at 15 ("A. Widespread and Varied Knowledge Precludes Class Treatment") (bold emphasis removed). In fact, Defendants' own words make clear that Plaintiff's reply was in direct response to Defendants' opposition arguments. *See* Def. Surreply at 2 ("Plaintiff variously seeks to recharacterize our argument concerning each putative class member's knowledge.").

Indeed, much of Defendants' surreply is a re-polished discussion of *In re IPO*, 471 F.3d 24 (2d Cir. 2006), a case cited so frequently in Defendant's opposition that the word *passim* appears next to it in the table of authorities.[6] Notwithstanding Defendants' attempt to reiterate and re-characterize these arguments in blatant disregard of this Court's briefing schedule and the burden of proof, which affords Plaintiff the last opportunity to persuade, *see Reyes*, 2007 WL 3143315 at *2, Plaintiff's reply sets forth the distinguishable facts of *In re IPO*, which demonstrate that the Second Circuit did *not* establish a requirement for Section 11 plaintiffs to prove lack of knowledge. Plaintiffs in *In re IPO* were required to affirmatively show lack of knowledge solely because they

---

[6] The word *passim* also accompanies *Berger v. Compaq Computer Corp.*, 257 F.3d 475 (5th Cir. 2001), and *Griffin v. GK Intelligent Sys., Inc.,* 196 F.R.D. 298 (S.D. Tex. 2000), in the table of authorities to Defendants' opposition – the very same cases discussed by Defendants' surreply. *See* Def. Surreply at 7-8.

alleged on the face of their complaint that there was widespread *but non-public* knowledge of defendants' fraud. Reply at 11-16. Plaintiff's complaint in this case contains no such allegations.

## CONCLUSION

For the foregoing reasons, this Court should grant Plaintiff's motion to strike Defendants' surreply from the record.

Dated: May 7, 2010						Respectfully submitted,

										/s/ Kim E. Miller
										Kim E. Miller, *pro hac vice*
										Melissa Ryan Clark, *pro hac vice*
										KAHN SWICK & FOTI, LLC
										500 5th Avenue, Suite 1810
										New York, NY 10110
										Telephone: (212) 696-3730
										Facsimile: (504) 455-1498

										Lewis Kahn, *pro hac vice*
										Paul S. Balanon, *pro hac vice*
										Sarah Cate Boone, *pro hac vice*
										KAHN SWICK & FOTI, LLC
										650 Poydras Street, Suite 2150
										New Orleans, LA 70130
										Telephone: (504) 455-1400
										Facsimile: (504) 455-1498

										*Lead Counsel for Lead Plaintiff and the Class*

										Art Sadin (Texas Bar No. 17508450)
										THE SADIN FIRM
										121 Magnolia, Suite 102
										Friendswood, Texas 77546
										Telephone: (281) 648-7711
										Facsimile: (281) 648-7799
										asadin@sadinlawfirm.com

										*Local Counsel for Lead Plaintiff and the Class*

## **CERTIFICATION UNDER LOCAL RULE 7.1D**

      I hereby certify that prior to filing this motion Lead Counsel for Plaintiff contacted counsel for Defendants by email on May 6, 2007 in an effort to resolve this dispute without court intervention and requested that Defendants withdraw their Surreply. Defendants were not willing to do so.

                                      /s/ Kim E. Miller
                                      Kim E. Miller

## **CERTIFICATE OF SERVICE**

I hereby certify that the Motion to Strike Defendants' Surreply In Opposition to Lead Plaintiff's Motion for Class Certification was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and that paper copies will be sent via U.S. Mail to those indicated as non-registered participants on May 7, 2010.

/s/ Kim E. Miller
Kim E. Miller