UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE SUPERIOR OFFSHORE INTERNATIONAL, INC. SECURITIES LITIGATION | ) ) ) | CIVIL ACTION NO. H-08-687<br><br>JUDGE NANCY F. ATLAS |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE

Paul R. Bessette
Texas Bar No. 02263050
S.D. Bar No. 22453
Michael J. Biles
Texas Bar No. 24008578
S.D. Bar No. 23146
Yusuf Bajwa
Texas Bar No. 24047754
S.D. Bar No. 650026
GREENBERG TRAURIG LLP
300 West 6th Street, Suite 2050
Austin, TX 78701
Tel: 512.320.7200
Fax: 512.320.7210

COUNSEL FOR DEFENDANTS
ROGER D. BURKS AND JAMES J. MERMIS

Stephen B. Crain
Texas Bar No. 04994580
S.D. Bar No. 12499
Tony L. Visage
Texas Bar No. 00788587
S.D. Bar No. 17248
BRACEWELL & GIULIANI LLP
711 Louisiana Street, Ste. 2300
Houston, TX 77002
Tel: 713-223-2300
Fax: 713-221-1212

COUNSEL FOR DEFENDANTS
LOUIS E. SCHAEFER, JR. AND
R. JOSHUA KOCH, JR.

Mark D. Manela
Texas Bar No. 12894500
S.D. Bar No. 1821
Jessica Crutcher
Texas Bar No. 24055367
S.D. Bar No. 675607
MAYER BROWN LLP
700 Louisiana Street, Suite 3400
Houston, TX 77002
Tel: 713-238-2645
Fax: 713-238-4645

COUNSEL FOR THE UNDERWRITER DEFENDANTS MERRILL LYNCH, PIERCE,
FENNER & SMITH INC. and J.P. MORGAN SECURITIES, INC.

Defendants respectfully request that this Court deny Plaintiff's motion to strike, because Defendants should be afforded an opportunity to respond to the new arguments Ognar raised in his reply brief in support of class certification. Defendants do not oppose Plaintiff's request to file a concise and timely sur-surreply. To the extent that the Court wishes that Defendants seek leave to file their sur-reply, Defendants hereby respectfully seek leave to file their sur-reply brief *nunc pro tunc* May 5, 2010.

Defendants are mindful that unnecessary briefs place a burden on the Court and its staff. But because the failure to file a response to Plaintiff's motion to strike could arguably suggest that Defendants do not oppose the motion, Defendants reluctantly file this brief response. In support of their request that the Court deny Plaintiff's motion to strike, Defendants would show the Court as follows:

## LEGAL ARGUMENT

The Court should deny Plaintiff Ognar's motion to strike Defendants' sur-reply brief. Although Plaintiff represents that "there are absolutely no new arguments … in Plaintiff's reply" (at 1), nothing could be further from the truth. Plaintiff's reply brief contains his *only* discussion of the crucial issue regarding the effect of putative class members' widespread knowledge. Reply Br. 1-5, 8-26. It proffers for the first time the argument that constructive knowledge prohibits a section 11 claim. *Id.* at 3, 13-16. And it contains Ognar's only attempt to salvage his deposition testimony, which exposed his inadequacy as a class representative. *Compare* Reply Br. at 5-7, 26-40, *with* Pl's Opening Br. 15 (stating in formulaic terms that Ognar is adequate); *see also Berger v. Compaq Computer Corp.*, 257 F.3d 475, 481 n.10 (5th Cir. 2001) (adequacy problems revealed in depositions); *Griffin v. GK Intelligent Sys., Inc.*, 196 F.R.D. 298, 301-02

(S.D. Tex. 2000) (examining deposition testimony when finding proposed class representatives inadequate).

Defendants should have an opportunity to respond to new arguments that Ognar raises in support of his motion for class certification. *See Nelson v. Adams USA, Inc.*, 529 U.S. 460, 466 (2000) (the "opportunity to respond" is "fundamental to due process"); *Unger v. Amedisys Inc.*, 401 F.3d 316, 320 (5th Cir. 2005) (recognizing "the important due process concerns of both plaintiffs and defendants inherent in the certification decision"); *see also* Local Rule 7.4. Because Defendants could not have "responded" to Plaintiff's arguments *before* he made them, Defendants offered their response at the earliest practicable moment, eight business days after Plaintiff filed his reply brief.

Defendants' sur-reply will aid the Court's "required" "careful certification inquiry." *Unger*, 401 F.3d at 319. While Plaintiff understandably would like to cut that inquiry short, the Fifth Circuit has recognized that "a district court's certification order often bestows upon plaintiffs extraordinary leverage, and its bite should dictate the process that precedes it." *Oscar Private Equity Invs. v. Allegiance Telecom, Inc.*, 487 F.3d 261, 267 (5th Cir. 2007); *see also* FED. R. CIV. P. 23 advisory committee notes, 1998 amendments (certification "may force a defendant to settle rather than incur the costs of defending a class action and run the risk of potentially ruinous liability"). Appreciating the "bite" of a certification order, the district court in *IPO*—a seminal case upon which both parties have focused much attention—allowed for *ten* briefs in multiple rounds of briefing before it made its section 11 certification decision. *In re Initial Pub. Offering Sec. Litig.*, 227 F.R.D. 65, 73 (S.D.N.Y. 2004), *vacated*, 471 F.3d 24 (2d Cir. 2006). While that amount of briefing is unnecessary in this case, this Court will likewise benefit from a full airing of the issues in order to conduct its "rigorous analysis of Rule 23 prerequisites."

*Unger*, 401 F.3d at 320. For that reason, Defendants' sur-reply carefully examines the two newly contested issues, and does so in under ten pages.

Defendants' sur-reply did not violate the Court's Control Order. The Control Order did not address how Defendants should respond to arguments that did not appear in Plaintiff's opening brief. Furthermore, despite Plaintiff's bolded insinuations (at 3), discovery remains on track, and Defendants will be ready to file their anticipated motion for summary judgment in accord with this Court's timeline.

Finally, there is little need for Plaintiff's motion to strike. *See Custom Vehicles, Inc. v. Forest River, Inc.*, 464 F.3d 725, 727-28 (7th Cir. 2006) (Easterbrook, J., in chambers) (characterizing motions to strike as "not only unnecessary (from the parties' perspective) but also pointless (from the judiciary's)"). As noted, Defendants filed their under-10 page sur-reply eight business days after Plaintiff filed his reply. Plaintiff has not been prejudiced by the sur-reply in the slightest—except for the fact that his reply brief's new arguments have been exposed as untenable. If Plaintiff feels that Defendants have misstated the law or the facts of this case, Defendants of course will not oppose a short sur-surreply. But Plaintiff's current motion to strike appears to trigger this Court's motion procedures, potentially delays the Court's class certification decision for a month (*see* Procedure 6.A.4), and forces the Court to resolve Plaintiff's dispute. The Court's time is better spent understanding why Plaintiff has failed to carry his burden of establishing predominance, superiority, and adequacy.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's motion to strike. Defendants do not oppose Plaintiff's request to file a concise and timely sur-

surreply. To the extent that the Court wishes that Defendants seek leave to file their sur-reply, Defendants hereby respectfully seek leave to file their sur-reply brief *nunc pro tunc* May 5, 2010.

Respectfully submitted,

*/s/ Paul R. Bessette*
Paul R. Bessette
Texas Bar No. 02263050
S.D. Bar No. 22453
Michael J. Biles
Texas Bar No. 24008578
S.D. Bar No. 23146
Yusuf Bajwa
Texas Bar No. 24047754
S.D. Bar No. 650026
GREENBERG TRAURIG LLP
300 West 6th Street, Suite 2050
Austin, TX 78701
Tel: 512.320.7200
Fax: 512.320.7210

COUNSEL FOR DEFENDANTS
ROGER D. BURKS AND JAMES J. MERMIS


Mark D. Manela
Texas Bar No. 12894500
S.D. Bar No. 1821
Jessica L. Crutcher
Texas Bar No. 24055367
S.D. Bar No. 675607
MAYER BROWN LLP
700 Louisiana Street, Suite 3400
Houston, TX 77002
Tel: 713-238-2645
Fax: 713-238-4645

COUNSEL FOR THE UNDERWRITER
DEFENDANTS
MERRILL LYNCH, PIERCE,
FENNER & SMITH INC. and
J.P. MORGAN SECURITIES, INC.

Stephen B. Crain
Texas Bar No. 04994580
S.D. Bar No. 12499
Tony L. Visage
Texas Bar No. 00788587
S.D. Bar No. 17248
BRACEWELL & GIULIANI LLP
711 Louisiana Street, Ste. 2300
Houston, TX 77002
Tel: 713-223-2300
Fax: 713-221-1212

COUNSEL FOR DEFENDANTS
LOUIS E. SCHAEFER, JR. AND
R. JOSHUA KOCH, JR.

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 13, 2010, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record who have consented to electronic notification. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all non-CM/ECF participants.

/s/ Paul R. Bessette