UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE SUPERIOR OFFSHORE INTERNATIONAL, INC. SECURITIES LITIGATION | CIVIL ACTION NO. 08-cv-00687 JUDGE NANCY F. ATLAS |

## ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE OF PENDENCY

WHEREAS, a putative class action is pending before the Court entitled *In re Superior Offshore International, Inc. Securities Litigation,* Case No. 08-cv-00687.

WHEREAS, the Court has received the Stipulation and Agreement of Settlement dated January 3, 2011, including documents and Exhibits executed pursuant thereto (the "Stipulation"), which has been entered into by the Court-appointed Lead Plaintiff Charles Ognar and Defendants; and the Court has reviewed the Stipulation and its attached Exhibits;

WHEREAS, Defendant Superior Offshore International, Inc. was dismissed by Order of this Court dated January 5, 2011, and the Parties[1] to this Action have entered into the Stipulation, allowing for a full and final resolution of this Action;

WHEREAS, all capitalized terms contained herein shall have the same meanings as set forth in the Stipulation; and,

WHEREAS, the Parties having moved, pursuant to Federal Rule of Civil

---

[1] The Parties are Lead Plaintiff Charles Ognar and Defendants James Mermis, Roger Burks, Louis Schaefer, Josh Koch, JP Morgan Securities Inc., and Merrill Lynch,

Procedure 23(e), for an order preliminarily approving the Settlement in accordance with the Stipulation, which sets forth the terms and conditions for a proposed Settlement of the Action and for dismissal of the Action with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto:

IT IS THIS 5th day of January 2011 ORDERED as follows:

1.      The Court does hereby preliminarily approve the Stipulation and the Settlement, subject to further consideration at the Settlement Fairness Hearing described below.

2.      The Court certifies, for settlement purposes only, pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, a settlement class consisting of all persons who purchased the publicly traded common stock of Superior during the period between April 20, 2007, and April 25, 2008, inclusive, and were damaged as alleged in the Action thereby.  A Person whose common stock is held by a broker Defendant as nominee will not be excluded on that basis. Excluded from the Class are Defendants, all officers, directors, partners and affiliates of Superior at all relevant times, members of Defendants' immediate families and their legal representatives, heirs, successors or assigns and any entity in which any Defendant has or had a controlling interest, and all shares of Superior stock owned or acquired, directly or indirectly, by any of them.  For purposes of this Settlement, the term "controlling interest" shall include any interest of 5% or more of the stock of any entity.  Also excluded from the Class are

---

Pierce, Fenner & Smith Inc.

any putative Class members who exclude themselves by filing a timely request for exclusion in accordance with the requirements set forth in the Notice.

3. The Court has determined for the purpose of settlement only that: (a) the Class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims or defenses of Lead Plaintiff are typical of the claims or defenses of the Class; and (d) Lead Plaintiff will fairly and adequately protect the interests of the Class. The Court further finds that the questions of law or fact common to Class Members predominate over any questions affecting individual members, including but not limited to whether Superior Offshore's Registration Statement, which incorporates and includes the Prospectus, issued in connection with the April 20, 2007, IPO, contained untrue or misleading statements as alleged by Lead Plaintiff. The Court also finds that a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

4. The Settlement Fairness Hearing shall be held before this Court on ~~May 10, 2011~~, at ~~9:30 a.m.~~, at United States Courthouse, 515 Rusk Avenue, Houston, TX 77002, to determine: whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class and should be approved by the Court; whether a Final Judgment and Order as provided in the Stipulation and its Exhibit B, which, *inter alia,* dismisses the Action with prejudice as to all Defendants and contains releases, should be entered herein; whether the proposed Plan of Allocation should be approved; to determine the reasonable reimbursement for time and expenses, if any, that should be awarded to Lead

3

Plaintiff; and the reasonable award of attorneys' fees and reimbursement of expenses, if any, that should be awarded to Lead Counsel. The Court may adjourn the Settlement Fairness Hearing without further notice to Class Members.

5.      The Court approves, as to form and content, the Notice of Pendency of Class Action and Proposed Settlement with All Defendants, Motion for Attorneys' Fees, and Settlement Fairness Hearing (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and Publication Notice, included respectively as Exhibits A-1, A-2, and A-3 to the Stipulation, and finds that the mailing and distribution of the Notice and publishing of the Publication Notice substantially in the manner and form set forth therein meet the requirements of Federal Rule of Civil Procedure 23 and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

6.      The Court further reserves the right to enter a Final Judgment and Order of Dismissal with Prejudice that approves the Settlement and dismisses the Action on the merits and with prejudice regardless of whether the Court has approved the Plan of Allocation, ordered distribution of the Net Settlement Fund, or awarded attorneys' fees and reimbursement of expenses or Lead Plaintiff's time and expenses.

7.      The Court appoints Strategic Claims Services ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a)     Not later than 5 days after entry of this order, Computershare, the transfer agent for Superior Offshore, shall release to Lead Plaintiff the list of registered

holders of Superior Offshore common stock during the Class Period;

(b)     Not later than 21 days after entry of this order (the "Notice Date"), Lead Counsel shall cause a copy of the Notice and the Claim Form, substantially in the forms annexed as Exhibits A-1 and A-2 hereto, to be mailed by first class mail to all Class Members who can be identified with reasonable effort;

(c)     Beginning not later than 28 days after the entry of this Order, Lead Counsel shall cause the Publication Notice to be published on three consecutive business days online over the *PR Newswire* or the *Globe Newswire*, and not later than 28 days after the entry of this Order, Lead Counsel shall place a copy of the Complaint and the Stipulation (including Exhibits) on the Claims Administrator's website; and

(d)     Not later than 28 days prior to the Settlement Fairness Hearing, Lead Counsel shall cause to be served on Defendants' counsel and filed with the Court: papers in support of the Settlement, the Plan of Allocation, the application by Lead Counsel for award of attorneys' fees and reimbursement of expenses, and the application for Lead Plaintiff's reimbursement of time and expenses; proof, by affidavit or declaration, of the mailing and publishing described in ¶7 (a-c) above.

8.     In accordance with the Notice, nominees who purchased or otherwise acquired Superior Offshore common stock for the benefit of any Class Member(s) during the Class Period shall send the Notice and the Claim Form to all such Class Members within ten (10) days after receipt thereof, or send a list of the names and addresses of such beneficiaries to the Claims Administrator within ten (10) days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and the Claim

Form to such beneficiaries. Lead Counsel shall, if requested, reimburse, out of the Notice

and Administration Fund, banks, brokerage houses, or other nominees solely for their

reasonable out-of-pocket expenses incurred in providing notice to beneficiaries who are

Class Members, which expenses would not have been incurred except for the sending of

such notice, subject to further order of this Court with respect to any dispute concerning

such compensation.

9.      All Class Members shall be bound by all determinations and judgments in

the Action concerning the Settlement, whether favorable or unfavorable to the Class.

10.      Class Members who wish to participate in the Settlement shall complete

and submit a Claim form in accordance with the instructions contained therein. Unless

the Court orders otherwise, all Claim forms must be postmarked no later than 120 after

entry of this Order. Any Class Member who does not timely submit a Claim Form within

the time provided for shall be barred from sharing in the distribution of the proceeds of

the Net Settlement Fund, unless otherwise ordered by the Court.

11.      Any Person who desires to request exclusion from the Class shall do so

within the time set forth and in the manner described in the Notice, and any such requests

for exclusion must be postmarked not later than 14 days prior to the Settlement Fairness

Hearing. All Persons who submit valid and timely requests for exclusion in the manner

set forth in the Notice shall have no rights under the Stipulation, shall not share in the

distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the

Judgment.

12.      Any Class Member may enter an appearance in the Action, at their own

expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Lead Counsel.

13.    Any Class Member may appear and show cause, if he, she, or it has any reason why the proposed Settlement of the Action should or should not be approved as fair, reasonable, and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, why an award of attorneys' fees and reimbursement of expenses should or should not be awarded to Lead Counsel, or why reimbursement for time and expenses should or should not be awarded to Lead Plaintiff; provided, however, that no Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or the award of attorneys' fees and reimbursement of expenses to be awarded to Lead Counsel, or reimbursement of time expenses approved for payment to Lead Plaintiff, unless that Class Member or that Person has delivered by hand or sent by first class mail written objection(s) filed or postmarked not later than 14 days prior to the Settlement Fairness Hearing to: the Court; Kahn Swick & Foti, LLC on behalf of Lead Plaintiff; and Counsel for the Defendants, at the following addresses:

**COURT:**

> Clerk of the Court
> P. O. Box 61010
> Houston, TX 77208

**FOR LEAD PLAINTIFF:**

> Lewis S. Kahn

KAHN SWICK & FOTI, LLC
206 Covington Street
Madisonville, Louisiana 70447

*Lead Counsel for Lead Plaintiff and the Class*

**FOR DEFENDANTS:**

Michael J. Biles
GREENBERG TRAURIG, LLP
300 West 6th Street, Suite 2050
Austin, TX 78701

*Counsel for Defendants James J. Mermis and Roger D. Burks*

Tony L. Visage
BRACEWELL & GIULIANI LLP
711 Louisiana Street, Ste. 2300
Houston, TX 77002
Tel: 713-223-2300
Fax: 713-221-1212

*Counsel for Defendants Louis E. Schaefer, Jr. and R. Joshua Koch, Jr.*

Mark D. Manela
MAYER BROWN LLP
700 Louisiana, Suite 3400
Houston, TX, 77002
Tel. 713 238-2645
Fax 713-238-4645

*Counsel for Underwriter Defendants Merrill Lynch, Pierce, Fenner & Smith, Inc. and J.P. Morgan Securities, Inc.*

14.     Any Class Member who does not make a written objection in the manner provided and/or appear in person or through a representative at the Settlement Fairness Hearing shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the Settlement, to the Plan of

8

Allocation, to the award of attorneys' fees and reimbursement of expenses to Lead Counsel, or to the reimbursement of time and expenses to Lead Plaintiff, unless otherwise ordered by the Court.

15.     Not later than 7 days prior to the Settlement Fairness Hearing, Lead Counsel shall cause to be served on Defendants' counsel and filed with the Court any response to objections or oppositions filed or mailed by Class Members in accordance with ¶ 13 above.

16.     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and Plan of Allocation.

17.     No Released Persons shall have any responsibility for or liability with respect to the Plan of Allocation or any application for attorneys' fees or reimbursement of expenses submitted by Lead Counsel, Lead Plaintiff, or counsel for any Class Member, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

18.     At or after the Settlement Fairness Hearing, the Court will determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees or reimbursement of expenses, including reimbursement for time and expenses proposed to be paid to Lead Plaintiff, shall be approved.

19.     All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the

9

Stipulation, without further Order of this Court. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither Lead Plaintiff nor Lead Counsel shall have any obligation to repay any amounts actually and properly disbursed from the Class Notice and Administration Fund pursuant to ¶ 12 of the Stipulation.

20.     Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by any Released Person of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind and shall not be construed as, or deemed to be evidence of, or an admission or concession that, Lead Plaintiff or any Class Members have suffered any damages, harm, or loss.

21.     In the event that the Settlement does not become Final in accordance with the terms of the Stipulation or the Effective Date does not occur, this Order shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated. In such event, all orders entered and releases delivered in connection herewith shall also be null and void to the extent provided by and in accordance with the Stipulation.

22.     The Court reserves the right to continue the Settlement Fairness Hearing without further notice to the Class Members and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. Should the Court continue the Settlement Fairness Hearing, such a continuance will be reflected in the Court's calendar and accessible *via* the Court's website. The Court may approve the

Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Class.

23.   Pending the Settlement Fairness Hearing, all Class Members are enjoined from initiating or prosecuting any actions or claims against any Released Person that are within the scope of the Releases provided for by the Stipulation.

24.   The following schedule of dates shall govern resolution of this Settlement:

| | |
|---|---|
| Deadline for filing of papers in support of (i) the Settlement, (ii) the Plan of Allocation, (iii) the application by Lead Counsel for attorneys' fees or reimbursement of expenses, and (iv) the application for Lead Plaintiff's reimbursement of time and expenses (collectively, such filings as to (i) to (iv), the "Applications"); Deadline for Lead Counsel to file affidavit of notice mailing and publication | 28 days prior to Settlement Fairness Hearing |
| Deadline for submitting requests to be excluded from the Class and/or objections; Deadline for filing an opposition to any of the Applications | 14 days prior to Settlement Fairness Hearing |
| Deadline for Lead Counsel and/or counsel for Defendants to file all papers responding to any objection filed and/or any opposition to the Applications | 7 days prior to Settlement Fairness Hearing |
| Deadline for Class Members' submission of Proof of Claim and Release forms | 120 days from entry of this Order |

DATED: January 4, 2011

_____
Nancy F. Atlas
United States District Judge

11