# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE SUPERIOR OFFSHORE | § | |
| INTERNATIONAL, INC. | § | CIVIL ACTION NO. H-08-0687 |
| SECURITIES LITIGATION | § | |

## MEMORANDUM AND ORDER

This case is before the Court on Lead Plaintiff Charles Ognar's Motion for Imposition of Bond for Costs on Appeal ("Motion") [Doc. # 228], to which Appellant Don Gordon filed a Response [Doc. # 229], and Lead Plaintiff filed a Reply [Doc. # 230]. Having reviewed the record and applied governing legal authorities, the Court **grants** the Motion.

"In a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." FED. R. APP. P. 7. "A district court, familiar with the contours of the case appealed, has the discretion to impose a bond which reflects its determination of the likely outcome of the appeal." *Adsani v. Miller*, 139 F.3d 67, 79 (2d Cir. 1998) (citing *Sckolnick v. Harlow*, 820 F.2d 13, 15 (1st Cir. 1987)).

In this case, the Court finds that Gordon's appeal is frivolous and that a bond pursuant to Rule 7 is appropriate. The two issues Gordon identifies for appeal are (1)

that this Court awarded reimbursement of expenses "without careful scrutiny of the expenses" and (2) that the legal fee was calculated based on the gross settlement amount and not on the net settlement amount. *See* Response, p. 1. Had Gordon or his attorney either attended the settlement hearing or obtained and reviewed the transcript of that hearing, he would realize that the Court addressed Gordon's objections to the amount of expenses claimed by class counsel. The second issue, regarding the calculation of attorneys' fees based on the gross settlement amount, was not raised in Gordon's objections to the settlement. As a result, that issue has been waived. *See Martco Ltd. P'ship v. Wellons, Inc.*, 588 F.3d 864, 877 (5th Cir. 2009) (noting that "arguments not raised before the district court are waived and cannot be raised for the first time on appeal").

Having exercised its discretion to require a bond pursuant to Rule 7, the Court must determine the appropriate amount. Appellee Lead Plaintiff asserts that the costs on appeal in this case could easily approach $25,000.00 based on the costs for copying and binding the briefs and documents Lead Plaintiff wants included in the appendix. The Court finds this amount to be excessive. While Appellee will be required to provide at his expense seven bound copies of his Appellee's brief and copies of the documents he wants included in the appendix for the appeal, *see* FED. R. APP. P.

30(b)(2), Appellee's costs on appeal are unlikely to exceed $10,000.00. As a result, the Court imposes a bond pursuant to Rule 7 in that amount. It is, therefore, hereby

**ORDERED** that Lead Plaintiff's Motion for Imposition of Bond For Costs on Appeal [Doc. # 228] is **GRANTED** to the extent that, on or before **August 31, 2011**, Appellant Gordon is required to post a bond pursuant to Rule 7 of the Federal Rules of Appellate Procedure in the amount of **$10,000.00**.

SIGNED at Houston, Texas, this **11th** day of **August, 2011.**

_____
Nancy F. Atlas
United States District Judge